**Wheeling.**

THE STATE, FOR USE OF CRUMBACKER *v.* SEABRIGHT.

Decided November 8, 1879.

1879 Special Term.

1. In a case tried by a court in lieu of a jury it is not error in the the court to hear illegal testimony, the court being fully competent to discard such evidence.

2. Where a plea is so defective as not to raise a substantial defense to the action, the plea is bad, even under the statute of jeofails; and a repleader ought to be awarded by the Appellate Court, though no objection was raised thereto in the court below, and issue had been joined thereon.

3. But where an improper or defective plea raises a substantial defense to the action, and it is unobjected to in the court below, and issue is thereon joined, after verdict or judgment it is too late to object; the defect being cured by the statute of jeofails.

4. Where a declaration on an executorial bond alleges the recovery of a judgment *de bonis testatoris* against the executor, and an execution issued thereon, with return of *nulla bona*, the declaration is not supported by the introduction of a judgment against the executor *de bonis propriis*, and where judgment in such a case is rendered against an obligor in the bond, upon such evidence by the court in lieu of a jury, the Appellate Court will reverse the judgment and dismiss the case without remanding it for a new trial.

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 30th day of May, 1877, in an action of debt in said court then pending, wherein The State of West Virginia for use of

1878
Special Term.

The State for ·
use of
Crumbacker
v.
Seabright.

William Crumbacker was plaintiff, and Charles W. Seabright was defendant, allowed upon the petition of said Seabright.

Hon. Gibson L. Cranmer, judge of the municipal court of Wheeling, rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement of the case:

At rules held in the clerk's office of the municipal court of Wheeling, in April, 1877, the plaintiff filed a declaration against Charles W. Seabright, surviving obligor of himself and Henry Seabright, deceased. The action was brought upon the executorial bond of Charles W. Seabright, executor of the last will and testament of Louis Seabright, deceased, in which declaration the plaintiff alleges the recovery of a judgment *de bonis testatoris* for $73.76, together with costs amounting to $31.35, in the name of William Crumbacker against Charles W. Seabright, executor of said Louis Seabright, deceased; an execution on said judgment to be levied on the unadministered goods of said testator in the hands of said executor; and the return of the sheriff, that he could find no such goods, &c. The declaration also alleges that by the settlement of said executor, after the payment of all legacies and debts proved against said estate, there was found a balance due said estate from said executor of $273.66 applicable to the payment of the plaintiff's claim; and that demand having been made, said executor had refused to pay the same, &c.

The declaration is in the usual form. In May, 1877, the defendant appeared and demurred to the declaration, which demurrer was overruled, and pleaded *plene administravit*, and " that he was never indebted to the said plaintiff as in said declaration mentioned." The plaintiff took issue on both pleas without in any way objecting to either. The case was submitted by consent to the court in lieu of a jury; and the court found for the

1879
Special Term.

The State for
use of
Crumbacker
v.
Seabright.

plaintiff and gave judgment for $2,000.00, the penalty of the bond, to be discharged by the payment of the amount claimed in the declaration, with the costs of the suit. During the trial the defendant took four bills of exceptions to rulings of the court, which were signed and made part of the record.

The *first* was to the introduction of the judgment. The *second* was to the introduction of the execution claimed to have issued on said judgment. The *third* was to the judgment of the court in refusing to set aside the judgment and grant a new trial. The *fourth* was to the refusal of the court to set aside the judgment; this bill certifies all the evidence.

The evidence was, first the judgment, which was as follows: "Charles W. Seabright, executor of the will of Louis Seabright *v.* William Crumbacker, certified to court by B. Kannon, *J. P.* 'This day came the parties by their attorneys, and the plaintiff's motion, made at a former day of the term, to set aside the verdict obtained against him, and grant him a new trial being argued, the said motion is by the court sustained, unless the defendant remits $39.25, and said defendant now here in open court so remitting, the said motion is overruled. Thereupon it is considered by the court, that the defendant recover of and from the plaintiff $75.76, balance due on verdict with interest thereon from the 29th day of March, 1876, and his costs by him in this behalf expended.' "

The foregoing judgment was rendered by the county court of Ohio county, on the 14th day of April, 1876.

The execution commands the sheriff of Ohio county, "of the goods and chattels in your bailiwick, which were of the estate of Louis Seabright, deceased, at the time of his death, in the hands of Charles W. Seabright, executor thereof, to be administered, you cause to be made the sum of $73.76, with legal interest thereon from April 14 1876, till payment, which William Crumbacker lately in our county court for the county of Ohio has recovered

against the said Charles W. Seabright, executor of the said estate as aforesaid, for debt; also the sum of $31.35 which to the said Willaim Crumbacker," &c.

1879
Special Term.

The State for
use of
Crum acker
v.
Seabright.

The settlement of the account of said Seabright, executor, showing a balance due the estate or claimed in the declaration, was also in evidence; and the court certifies that this was all the evidence for plaintiff, and there was none for defendant.

To the judgment a writ of error and *supersedeas* was granted.

*Davenport & Dovener*, for plaintiff in error, cited the following authorities:

Code p. 628, §20; *Id.* p. 504, §23; 2 Mat. Dig. 568, n. 27; 3 Leigh 96; 1 Gratt. 229.

*D. Peck*, for defendant in error, cited Code, ch. 85, §23.

JOHNSON, JUDGE, delivered the opinion of the Court:

There being no defect in the declaration pointed out, by the plaintiff in error, and none being perceived, I think the demurrer was properly overruled by the court below.

The first and second bills of exceptions show no reason for reversing the judgment. In a case tried by a court in lieu of a jury, it is not error in the court to hear illegal testimony; the court being fully competent to discard such evidence. *Nutter* v. *Sydenstricker*, 11 W. Va. 535.

Syllabus 1.

The third bill of exceptions need not be considered here, as the subject thereof is embraced in the fourth.

The fourth bill of exceptions is to the judgment, on the ground that it is not warranted by the evidence; and it certifies all the evidence. This bill raises the question, whether the defendant filed any plea which under the evidence thus certified would bar the plaintiff's action. The plea of *plene administarvit* would not do it; for that plea admits everything necessary to the plaintiff's recovery, except that the executor had fully administered

75

1879
Special Term.

The State for
use of
Crumbacker
v.
Seabright.

upon the estate of his testator, and there were no funds in
his hands applicable to the payment of the claim sued
upon, and therefore there was no liability upon the obli-
gors in the bond.    The proof is ample that the executor
had not fully administered.    The only other plea filed is
that "defendant was never indebted to the said plaintiff
as in said declaration mentioned."    This is manifestly
an improper plea and ought not to have been filed; and
had it been objected to, the court would doubtless have
refused it, or would have sustained a demurrer to it, had
one been filed.    But the defendant in no way objected to
it, but took issue thereon.    If it was intended for a plea
of *nil debet*, it is strange that it should have been filed to
an action upon a bond.    If it was intended for a plea of
*nul tiel record*, it is a strange combination of words to form
such a plea.    Does it raise any defense to the action?

The statute of jeofails is charitably indulgent to the
lame, the halt and the blind among pleas; and we must
see whether such a plea as this, not objected to, and issue
joined thereon, will come within its reach.    Sec 103 1.
R. C., p. 512, among other things provided that "no
judgment, after the verdict of twelve men, shall be stayed
or reversed for any defect or default in the writ, original
or judicial, or for a variance in the writ from the decla-
ration or other proceedings, or for any mispleading, or
insufficient pleadings, discontinuance, misjoining of
issue, or lack of warrant of attorney,    *    *    *    or
for any other defect whatsoever in the declaration or
pleading, whether of form or substance, which might
have been taken advantage of by a demurrer, and which
shall not have been so taken advantage of."    Section 3,
chapter 181, page 680, Code 1849, among other things
provides, that "no judgment or decree shall be stayed or
reversed    *    *    *    for any defect, imperfection or
omission in the pleadings, which could not be regarded
on demurrer, or for any other defect, imperfection or
omission, which might have been taken advantage of on
demurrer or answer, but was not so taken advantage of."

1879
Special Term.

The State for
use of
Crumbacker
v.
Seabright.

Section 3 of chapter 181, page 742 of Code of 1860, and section 3 of chapter 134, page 637 of Code of 1868, contain the same language.

The Virginia authorities hold that where a plea is so defective, as not to raise a substantial defense to the action, the plea is bad even under the statute of jeofails, and a repleader ought to be awarded by the Appellate Court, though no objection was raised to the plea in the court below, and issue had been joined them. *Callis* v. *Waddy*, 2 Munf. 511 ; *Tomlinson's, adm'r* v. *Mason*, 6 Rand. 169 ; *Dimmett et al.* v. *Eskridge,* 6 Munf. 308. On the other hand the same authorities hold, that where the improper or defective plea raises a substantial defense to the action, and it is unobjected to in the court below, and issue is thereon joined, after verdict or judgment it is too late to object, the defect being cured by the statute of jeofails. *Hunnicutt et al.* v. *Carsley,* 1 H. & M. 153 ; *Cleek* v. *Haines,* 2 Rand. 440 ; *Chew, ex'r, &c.* v. *Moffatt, &c.,* 6 Munf. 120 ; *Pence, for &c.* v. *Huston's ex'rs,* 6 Gratt. 304.

In *Hunnicutt* v. *Carsley,* a plea of *not guilty* was pleaded without objection to an action of covenant ; and issue was joined on said plea. Tucker, J., remarked the informality of the plea, but said it was too late to take advantage of it after verdict ; and the judgment was affirmed by the whole court.

In *Cleek* v. *Haines, trespass on the case* was brought, where the action should have been *trespass,* and no demurrer to the declaration was filed, but the plea of not guilty pleaded. After verdict the defendant moved in arrest of judgment, on the ground that the proper action was *trespass,* not *case.* The court below gave judgment. On writ of error the Court of Appeals held that *trespass* was the action that should have been brought, but that after verdict the error could not be taken advantage of in arrest of judgment, the error being cured by the statute.

In *Pence, for &c.* v. *Huston's ex'rs,* the action was debt upon a bond; and the defendant filed a plea which he claimed was authorized by the Act of April 16, 1831. Without

objection to the plea the plaintiff took issue thereon, and there was verdict and judgment for defendant on the plea; the Court of Appeals held, that if the plea does not set up a defense which was authorized by the statute, yet it asserted a substantial defense to the action, and as the plaintiff, instead of objecting to the filing of the plea or demurring thereto, took issue thereon, there being a verdict for the defendant, the defect, if any, is cured by the statute of jeofails.

We think the plea in this case sets up a substantial defense to the action. It says that the defendant was never indebted as the plaintiff charges him in the declaration. Issue was taken upon that plea; and unless the facts proved in support of the declaration show that he was so indebted, the judgment is erroneous. Such a plea was improper, it is true; but the plaintiff by failing to object or to demurr to it, and replying to it, is estopped now from saying that the defendant had no right to file it. To support his declaration, the plaintiff was compelled to introduce a judgment *de bonis testatoris* against the executor, as set up in his declaration, but instead of that he introduces a judgment *de bonis propriis* against Charles W. Seabright. That the said judgment is of that character admits of no doubt. See *Jones* v. *Reid et al.*, 12 W. Va. 350, and cases there cited. Such a judgment could not support the plaintiff's declaration; and from the record we are led to believe that no judgment *de bonis testatoris* against the executor could have been introduced.

The judgment rendered in this case on the 30th day of May, 1877, must therefore be reversed with costs to the plaintiff in error; and this Court proceeding to render such a judgment upon the evidence as the said municipal court of Wheeling should have rendered, the plaintiff's case is dismissed, with costs.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.

1879
June Term.

The State for
use of
Crumbacker
v.
Seabright.

Syllabus 4.