[No. 2489.]

LEFFINGWELL v. MILLER.

**Cities and Towns—City Engineer—Records of Office.**

Under an ordinance of a city requiring the city engineer to inspect and pass upon all public works ordered by the city,

to make out plans, specifications and estimates thereof, to do the surveying and engineering ordered by the city and to perform such other duties not inconsistent with his employment as the city council might require, and which required him to preserve and deliver to his successor in office all plans, maps, notes, surveys, books, papers and documents pertaining to his office, such city engineer is not required to turn over to his successor books containing field notes made by him in surveying lots of individual owners upon their application, under their employment and at their expense, but such books are private property.

*Appeal from the District Court of Teller County.*

Mr. R. G. WITHERS, for appellant.

Mr. GEO. Q. RICHMOND, for appellee.

MAXWELL, J.

Proceedings in mandamus instituted by appellee to compel appellant to deliver to him certain maps, books and papers alleged to have pertained to the office of city engineer of the city of Cripple Creek.

The averments of the petition recited in the alternative writ were, that plaintiff was duly elected, qualified and acting city engineer of the city of Cripple Creek; that defendant was his predecessor in such office; that during defendant's incumbency of such office, in the performance of his official duties, he accumulated numerous maps, books containing field notes of surveys, and other books and evidences of surveys, and received from his predecessor in such office similar books, documents, etc., which his predecessor had likewise accumulated while in the discharge of his official duties, all of which maps, plans, field notes of surveys and documents pertained to the office of city engineer; that upon demand defendant refused to deliver to plaintiff, as his successor in said office, such maps, plans, books containing field notes, and other evidences of surveys in his possession and pertaining to the office of city engineer,

claiming that they were his private property; that the ordinance of the city of Cripple Creek in force at the time of the filing of the petition and during defendant's incumbency of the office, relating to the office of city engineer, was as follows:

"City Engineer. The City Engineer shall inspect and pass upon the construction of all public works ordered by the city, shall make out plans, specifications and estimates thereof; he shall do the surveying and engineering ordered by the city, and shall perform such other duties not inconsistent with his employment, as the city council may require. He shall preserve all plans, maps, notes, surveys, books, papers and documents pertaining to his offce, which shall be open to inspection at all reasonable hours, and shall be delivered to his successor in office."

The defendant answered, denying the material averments of the petition.

A trial to the court resulted in a judgment in favor of plaintiff, to review which is this appeal.

The evidence established, that the books sought to be recovered in this proceeding, and which defendant refused to turn over to plaintiff, were books containing field notes made by defendant in surveying lots of individual owners upon their application, under their employment and at their expense; that the city did not order him to do this work or pay him therefor, and that the city engineer received no salary from the city.

At the close of plaintiff's testimony, it was stipulated by counsel that the only question for the court to decide was, whether or not the books containing the field notes above described pertained to the office of city engineer, or were the private property of defendant.

Defendant introduced no testimony.

The court found that such books pertained to the

office of city engineer, and rendered judgment accordingly.

In this there was error.

The ordinance above quoted, defining the duties of the city engineer, imposes upon such official the duty of inspecting and passing upon all public works ordered by the city, making plans, specifications and estimates thereof, and 'doing such surveying, engineering, and other work as the city may order and require. The duty of preserving and delivering to his successor in office all plans, maps, notes, surveys, books, papers and documents pertaining to his office must have been intended to apply only to such plans, maps, etc., of "public works" and surveying and engineering ordered by the city for which the city would be bound to compensate him, and thereby acquire ownership thereof.

By the ordinance, no duty was imposed upon the city engineer to survey lots for individual owners. Such work might have been performed, was and is performed by other competent engineers, and when performed by the city engineer, is performed by him in his individual and not official capacity. Therefore, the field notes made and kept by him in such work are his individual property, and do not pertain to the office of city engineer.

As plaintiff's case was fully developed at the trial, a re-trial should not result in a judgment for plaintiff, wherefore the judgment will be reversed and the case remanded, with instructions to the court below to dismiss the proceedings.

*Reversed.*