State ex rel. Bujac v. District Court, 28 N. M. 28

[No. 2619.   Feb. 28, 1922.]

# STATE ex rel. BUJAC v. DISTRICT COURT OF SECOND JUDICIAL DISTRICT FOR BERNALILLO COUNTY et al.

## SYLLABUS BY THE COURT

(1)   Under section 4507, Code 1915, this court has power to award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to it shall seem agreeable to law.                                              P. 32

(2)   It is within the power, and it is the duty of this court, to construe its own mandate in case there is any ambiguity in the same.                                              P. 32

(3)   We construe the opinion and mandate in the matter involved, which reversed the judgment and remanded the cause, with directions to proceed in accordance with the opinion, as a direction to the district court to proceed as it might be advised, and to either grant a new trial, enter the correct judgment, or proceed otherwise in accordance with the law and the right of the parties.                ·                P. 32

(4)   Where the mandate of this court has not been violated by the district court, its action cannot be controlled by mandamus.                                              P. 32

(5)   An appellate court, unless prevented by some limitation upon its powers, should, upon reversal, either render the proper judgment, or direct the lower court to do so, except in those cases where such action is prevented by the circumstances, or where legal injustice would thereby result to one of the parties.   Ordinarily the parties should go back to the point where the error occurred, and the case should proceed from that point to a conclusion, unless the circumstances prevent such a course.   The fact that the infirmity of the case is first disclosed in the appellate court has nothing to do with the matter, and creates no new rights in the losing party.   In order, however, to be entitled to a judgment by this court, or a direction to enter judgment in the district court, the party claiming the right to such judgment must have called to the attention of the opposite party and the court below, by appropriate motions, the infirmity in the case of which he complains in this court.        P. 32

Proceeding in mandamus by the State, on the relation of Etienne de  P. Bujac, against the District Court of the Second Judicial District of the State of New Mexico for the County of Bernalillo, and the Judge thereof.   Alternative writ discharged, and

State ex rel. Bujac v. District Court, 28 N. M. 28

claimant's alternative motion to recall the mandate and to dircet a new trial is denied.

E. P. Bujac, of Carlsbad, Marron & Wood, of Albuquerque, and Renehan & Gilbert, of Santa Fé, for relator. ·

A. B. McMillen, of Albuquerque, for respondents.

### OPINION OF THE COURT

PARKER, J. The matters involved in this proceeding grow out of the case of E. de P. Bujac v. Joseph R. Wilson, Executor, reported in 27 N. M. 105, 196 Pac. 327. In that case we held that the plaintiff, Bujac, had failed to establish his claim against the estate of a deceased person by reason of his failure to meet the requirements of section 2175, Code 1915, in regard to corroboration of his testimony in support of his claim. The district court had awarded him judgment against the executor. We reversed the judgment and remanded the cause in the following language:

"It follows from all of the foregoing that the judgment of the court below was erroneous, and should be reversed, and the cause remanded, with directions to proceed in accordance herewith; and it is so ordered."

When the case reached the district court under the mandate from this court the same was redocketed, and upon application of the executor a judgment was entered by the district court in favor of the executor and against the claimant, Bujac. Prior to the entry of this judgment, counsel for the executor served upon counsel for the claimant the following notice:

"April 4, 1921.
"Messrs. Marron & Wood, City—Dear Sirs: I have prepared judgment reinstating cause in the case of E. de P. Bujac, Claimant, vs. Joseph R. Wilson, Executor, etc., dismissing plaintiff's claim, and for judgment for the executor for his costs (No. 12062), a copy of which I herewith inclose. (Here follows a similar notice in regard to another case.) Will you please examine these copies at your earliest convenience and let me know whether or not you have objections to the form of the orders to be entered?
  "Yours truly,              A. B. McMillen."

The judgment involved here was entered some two weeks after the notice, and without any objection on the part of counsel for claimant up to that time. After the entry of the judgment the claimant filed a motion to vacate and set aside the judgment upon four grounds to the effect (1) that the order was made without notice to the claimant; (2) the order is not in accordance with the opinion and judgment of the Supreme Court; (3) because the order should merely have reinstated the cause upon the docket for a new trial and further proceedings in accordance with the opinion of the Supreme Court; (4) because the order of the Supreme Court was that the cause be redocketed, with directions to proceed in accordance with the opinion of the court and the order entered, dismissing the said cause without trial and further proceedings, is not in accordance with the directions of the Supreme Court. Upon this motion the district court held that the motion should be overruled, but without prejudice to the claimant to make showing under oath as to newly discovered evidence or other legal cause why said judgment should be set aside and a further hearing allowed. And the court ordered that the claimant's motion be denied, and that he be given leave to file within 20 days from the date of the judgment his showing under oath as to newly discovered evidence or other legal reason why said judgment on mandate from the Supreme Court should be set aside and further evidence taken upon said claim. Thereafter there was filed in this court a petition for a writ of mandamus directed to the district court, and commanding it to vacate its judgment dismissing the claim of claimant, and to reinstate the cause upon its docket and grant claimant a new trial. An alternative writ was issued by this court in accordance with the petition, and a return was filed by the respondent, Judge M. E. Hickey, and upon these pleadings and the facts herein recited the case is before us.

It is to be observed that in the opinion and mandate in the former case this court did not direct the district

State ex rel. Bujac v. District Court, 28 N. M. 28

court to enter judgment dismissing the claim of the claimant. It directed the district court to proceed in accordance with the opinion, which was to the effect that the claimant had failed to establish his claim against the estate of a deceased person by reason of the lack of corroboration of the contract upon which the claim was founded. The case when presented to the district court stood exactly as it did at the close of the testimony upon the trial. The district court had been directed by this court that he had been in error in finding that the claim against the estate had been sufficiently corroborated, and that the claim had not, in contemplation of law, been corroborated so as to authorize the judgment which had been rendered, and which was ordered to be vacated and set aside. Upon the record then before the court it was the court's duty, in the absence of further proof, to enter a judgment dismissing the claim of the plaintiff in accordance with the reasoning and direction of the opinion of this court. To proceed in accordance with the mandate and opinion would be to enter the judgment which the court has entered in the absence of some application on the part of the claimant to submit further proof by way of corroboration, or other matters of legal significance, showing that the order should not be entered. We did not undertake to determine in the opinion just exactly what course the district court should pursue. We left to his judicial discretion in accordance with law the right to proceed as he might be advised. He possessed all of the power which he possessed at the time he entered the first judgment, except that he was directed that the proof then before him did not authorize a judgment for the claimant. He was authorized under the mandate to take into consideration all of the principles governing the awarding of new trials, the principles of res adjudicata, and all other legal principles governing the situation. In other words, the district court was left free to proceed according to law as he understood it, save and except that he was directed that a

judgment on the evidence then before the court could not be rendered for the claimant.

It is to be noted in this connection that we have not been discussing what the district court should, as a matter of law, have done under the circumstances, but we have been discussing what he had power to do under such a mandate. What this court should have done by way of directions in the mandate, and what the district court should have done under the circumstances, is left for discussing later in this opinion.

[1] It may be said generally that this court upon the reversal of a cause has power to award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to it shall seem agreeable to law. Section 4507, Code 1915.

[2] It is within the power, and it is the duty, of this court to construe its own mandate in case there is any ambiguity in the same. 4 C. J. Appeal and Error, § 3306.

[3] We construe the opinion and mandate in the case referred to as a direction to the district court to proceed as he might be advised, and to either grant a new trial, enter judgment as he should have done in the first instance, or proceed otherwise upon application of the parties in accordance with the law. His discretion, except as indicated in the opinion as to the necessity for corroboration, was not attempted to be controlled.

[4] There has been no violation of, nor departure from, the directions of the mandate, and there is therefore nothing to correct in the lower court by mandamus from this court. If the lower court invaded the claimant's rights, he committed error, he did not violate any mandate of this court.

[5] If there was error in not awarding claimant a new trial, it was the error of this court, and not of the

JANUARY TERM, 1922.    33

State ex rel. Bujac v. District Court, 28 N. M. 28

district court. There was no formal motion for a re-hearing of the case after the opinion was handed down, but claimant, in his petition for the writ of mandamus, prayed in the alternative that if the writ be denied, the mandate be recalled for the purpose of making the same specific and certain. While, as we have shown, there is no remedy by mandamus in this case, to re-fuse to consider the alternative application to recall the mandate would deprive the claimant of the right to have determined by this court whether, upon such a re-versal for the reasons stated in the opinion the losing party is entitled as a matter of right to a new trial on the merits. It is for this reason that we will consider the matter.

It is to be observed that the case was fully tried upon the merits and no error intervened prior to the judgment, the error being the entry of a wrong judg-ment upon the theory that the claimant had been suffi-ciently corroborated. The case was tried by the court without a jury. The claimant was in no way prevented by the court from fully developing his case, and, on the other hand, the case was once reopened for further proof by the claimant. Under such circumstances is the claimant entitled as a matter of right to a new trial? Counsel for claimant argue that in a case like this, where judgment in favor of the appellee is reversed because of insufficient evidence to support it, he is en-titled as a matter of right to a new trial. On the other hand, counsel for the executor argues that the claimant, having once had full opportunity to present his case, is not entitled to a new trial unless upon such a show-ing as would entitle him thereto the same as if the case had never been appealed and reversed for failure of proof.

Upon principle it is difficult for us to understand how the position of claimant can be sustained. The court committed no error against him and the only error committed was one in his favor in rendering a judg-

ment for him, instead of for the executor. The proper course of the trial was in no way diverted by any erroneous action of the court. The claimant was given every opportunity to fully develop his case, and, in accordance with his legal duty, is presumed to have exhausted his proof. What reason, then, is there to say that because the insufficiency of that proof was declared by this court, rather than by the district court, the claimant, ipso facto, became entitled to a new trial? We can see no such reason.

This question has never been broadly considered by this court, although in several cases a partial consideration of the same was had.

In National Rubber Supply Co. v. Oleson & Exter et al., 20 N. M. 624, 151 Pac. 694, an action in replevin was brought against the vendees of one Nadeau to recover the possession of certain personal property, and, the said Nadeau having died, his administrator intervened in the action, and resisted the claim of the plaintiffs upon the ground that they were setting up a claim against the estate of a deceased person, and could not recover without corroboration. The plaintiffs relied upon a written memorandum, which was ambiguous in character, and this court held that it was not sufficient to corroborate the claim of the plaintiffs, and reversed the judgment of the lower court, which had been for the plaintiffs. At first we directed that the judgment be reversed and the cause remanded, with directions to enter judgment for the appellant, the administrator. Upon application for a rehearing, the rehearing was denied, but the directions to the lower court were modified by means of the following language:

"It has, in such motion, however, called attention to the fact that in our former opinion we ordered a reversal of the cause, with directions to the trial court to enter judgment for the appellant, thereby denying to appellee an opportunity to supply further corroborative evidence upon a retrial of the cause. The former opinion will be modified, in

so far as such order is concerned, and the cause will be reversed, with directions to the trial court to award a new trial."

It is apparent that we did not in that case give the matter any careful consideration, or undertake to point out the principles upon which such a question should be determined.

In Morstad v. A., T. & S. F. Ry. Co., 23 N. M. 663, 170 Pac. 886, the plaintiff had recovered judgment against the defendant for damages for personal injuries. The defendant appealed, and the cause was reversed. During the trial the plaintiff was erroneously deprived by an adverse ruling of the court of the right to introduce testimony reflecting upon the validity of an alleged release of the cause of action. In that regard we said:

"The plaintiff was thus cut off from the right to show want of consideration for the contract. It does not appear from the record that he may not he able to show upon another trial that he was entitled, without executing any release to transportation over the defendants' railroad to the hospital for treatment. It is therefore proper to submit such question to the consideration of the jury rather than to enter judgment at this time against the plaintiff."

The holding in that case was clearly right. The error was an error committed against the appellee in that case, and but for the error of the court the appellee would have developed more fully the facts surrounding the execution of the alleged release of the cause of action. It was right therefore, that the cause, when reversed, should be remanded for a new trial.

In Security T. & S. Bank v. Ravel, 24 N. M. 221, 173 Pac. 545, the court submitted to the jury an erroneous instruction, and the cause was for that, and other reasons, reversed and remanded with directions to award a new trial. The case has no discussion of when or when not a new trial is to be awarded upon a reversal, but it is clear that the order in that case was correct; the error having intervened during the course of the trial.

In Montoya v. Ortiz, 24 N. M. 616, 175 Pac. 335, we said:

"The rule is that an appellate court is not absolutely obligated on reversal to render or order final judgment, but the court is invested with a discretion to either render final judgment, or to direct the lower court to enter judgment, or to remand the case for a new trial or other proceeding."

In that case we said that we thought justice required that the case should go back for further evidence, but there is no discussion on principle as to when or when not a new trial is required upon a reversal.

We have made quite an extensive examination of the precedents from other jurisdictions, and find quite a divergence of opinion as to the test properly to be applied as to when and when not a new trial is to be awarded upon reversal. In most jurisdictions it is said that, where it appears that the facts have been fully developed upon the trial, a new trial will not be ordered upon reversal of the judgment, but the proper judgment will be rendered by the appellate court, or ordered to be rendered by the court below. This seems to be the broadest statement to be found in the cases.

Thus in Marshall Bank v. Turney, 105 Ark. 116, 150 S. W. 693, the plaintiff brought action to recover a sum of money deposited with the bank in the name of his father during the latter's lifetime. The plaintiff recovered judgment, and the defendant appealed. The plaintiff's right depended upon whether his father had made a gift of the money to him during his lifetime, and the court held that the evidence failed to show such a gift. The court in reversing the judgment said:

"The judgment is reversed, and, as the case is fully developed, it need not be remanded for a new trial, but will be dismissed here."

In Leffingwell v. Miller, 20 Colo. App. 429, 79 Pac. 327, the action was in mandamus to compel the appellants to deliver certain papers alleged to belong to the

office of the city engineer. The evidence established that the books and papers were the personal property of the respondent, and not official papers. The defendant introduced no testimony, but the trial court found that the books and papers were official, and. rendered judgment accordingly. On appeal this was held to be error, and the court said:

"As plaintiff's case was fully developed at the trial a retrial should not result in a judgment for plaintiff; wherefore the judgment will be reversed, and the case remanded, with instructions to the court below to dismiss the proceedings."

In Bridgewater v. Hooks (Tex. Civ. App.) 159 S. W. 1004, there was an action to recover upon a contract to devise all of a decedent's property to a child, who had been surrendered to him by the child's father upon a contract so to do; the contract having been fully performed by the father and the child. The case was tried before the court, and resulted in a judgment for the defendants, and the plaintiff appealed. The Court of Civil Appeals reversed the judgment, and rendered judgment in favor of the appellant, establishing his right and title to all the property involved. Upon a motion for a rehearing it was urged upon the court that it should have remanded the cause for a new trial rather than to have entered judgment. The court said:

"There is nothing in the record which suggests that the facts were not fully developed upon the trial. It is fairly inferable from the record that appellees did not introduce any of the witnesses who testified on the trial, and the testimony in the record is in the main uncontradicted, but this does not indicate that the facts were not fully developed.

"Appellees state in their motion for rehearing that they confidently hope that upon another trial they will be able to produce testimony showing that the contract sued on was not in fact made and that if it was made appellant did not perform its obligations. This is, in effect, asking this court to remand the cause for another trial to give appellees an opportunity to procure and introduce evidence contradicting the testimony introduced by appellant when if any such evidence exists the record offers no excuse for appellees' failure to introduce it on the last trial. There was no ruling of the trial court, on exceptions or otherwise, by which ap-

38    SUPREME COURT OF NEW MEXICO,

State ex rel. Bujac v. District Court, 28 N. M. 28

pellees were misled as to the necessity of offering any evidence at their command material to the fact issues presented by the pleading. The whole case was submitted to the court on the facts and law, and a general judgment rendered in favor of appellees. Having reached the conclusion that upon the facts found by the trial judge the appellant was under the law entitled to a judgment in his favor, and there being nothing in the record to suggest that the facts were not fully developed, and no matter of fact being necessary to be ascertained to enable us to render a proper judgment, we felt compelled, under Article 1626 of the Revised Statutes, to render judgment for appellant, and we do not feel authorized by anything presented in the motion for rehearing to set aside that judgment."

The statute of Texas referred to in the quotation provides that when a judgment shall be reversed the Court of Civil Appeals shall render such judgment as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or where the damage to be assessed or the matter to be decreed is uncertain, in which cases the cause shall be remanded for a new trial. We do not deem the statute of Texas to establish any different rule than the one which should be applied in the absence of a statute, although it may be said that the statute renders more clear the duty of the court in cases of this kind. It does not, however, run counter to any general principle involved in such matters.

In Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290, the action was in assumpsit for goods sold and delivered, and was tried before a jury. After the evidence was introduced, the court instructed a verdict in favor of the defendant, and plaintiff appealed. The plaintiff had moved for a directed verdict in his favor, which had been denied. The verdict under the direction of the court was general and made no special findings of fact. The court in disposing of the case said:

"We have reached the conclusion that the trial court should have instructed a verdict for plaintiff as prayed for, and it appearing that the evidence has been fully developed, and that defendant cannot rely upon the warranty because he did not comply with its terms as far as he was able, judgment should be rendered by us for plaintiff. We there-

fore set aside the order remanding this case, and do now re-
verse the judgment of the district court, and * * * render
judgment in favor of plaintiff against defendant for
$1,212.58.''

In Wetherby's Adm'r v. Twin State Gas Co., 83 Vt.
189, 75 Atl. 8, 25 L. R. A. (N. S.) 1220, 21 Ann. Cas.
1092, there was an action brought by an administrator
to recover for the death of an infant killed by contact
with wires carrying an electric current, which resulted
in a verdict and judgment for the plaintiff. It does not
appear, except inferentially, that any motion for a di-
rected verdict for the defendant was made, but the
court said:

"In no view of the evidence in the present case could the
jury rightly hold the defendant responsible for the death of
George Wetherby, and a verdict for the defendant should
therefore have been directed. Since, too, it is clear that the
situation and circumstances surrounding and causing the
accident were on trial fully shown in evidence, it is un-
desirable that the case should be remanded. The result is
that the judgment is reversed and judgment is rendered for
the defendant to recover its costs."

In Maupin v. Insurance Co., 53 W. Va. 557, 45 S. E.
1003, Maupin sued the insurance company and recov-
ered judgment for a sum of money, from which judg-
ment the insurance company sued out a writ of error.
The Supreme Court reversed the judgment, set aside
the verdict, and rendered judgment for the defendant
upon the ground that there was no sufficient evidence
to support the verdict. The case contains a very fine
discussion of the question involved here, and, among
other things, it is said:

"When the plaintiff concluded his case, the defendant
moved the court to exclude the plaintiff's evidence as not
sufficient to authorize a verdict for the plaintiff, and to
direct the jury to find a verdict for the defendant; but the
court refused. The defendant gave no evidence. What
shall this court do? Shall it simply reverse the judgment,
set aside the verdict and direct a new trial? Had the court
sustained the motion, we could not reverse, because the evi-
dence being insufficient for recovery by the plaintiff, such
action would be warranted by law. * * * If the court had
sustained the motion, the case would have ended in final

judgment for defendant, and so it must be our judgment, as we must render such judgment as the circuit court ought to have entered. This motion is in no wise different from a demurrer to evidence, and upon that final judgment is always given. The plaintiff so submitted his case. The adverse party is compelled to join in a demurrer, and when a party moves for a verdict he does the same as demur. When there is a special verdict or finding of facts, final judgment is given on reversal, or a mandate is directed to the lower court to do so. Ft. Scott v. Hickman, 112 U. S. 150, 165. When the court tries the case in place of a jury, and the evidence is plainly insufficient to sustain the judgment, the case is reversed and final judgment given for the defendant. State v. Miller, 26 W. Va. 107, 110; State v. Seabright, 15 W. Va. 590. How when the verdict is general, and there is no motion to exclude, or to direct a verdict, but the appellate court, on reviewing a motion for a new trial overruled, on the ground that the verdict is contrary to, or without sufficient evidence, so finds? During service on the bench of this court I have seen verdicts set aside for want of evidence in many instances where it was plain that if the decision of this court were observed, there would certainly be no verdict for the plaintiff, and it was plain that the case could not be bettered, and the question arose in my mind, why remand for a new trial? The practice has been to remand always under the idea that it was the infallible rule. That is a mistake. * * * The party has had one jury trial. It is fairly presumable that he presented all the evidence of his case. He has submitted this case upon the evidence. Is the appellate court to surmise and guess that he can produce more? If he did not produce it, he is guilty of negligence. If he discovered it before judgment, we presume he would have made it the basis of a motion in the lower court for a new trial. If he discovered it after judgment, and he is guilty of no negligence, and it is of proper import, it is basis for equity action. Is the appellate court not to presume that he cannot better his case, unless it sees that he can or may? I see no difference, in this respect, between a case tried by a court and one tried by a jury. It is in the discretion of the appellate court in either case to grant a new trial, but only when justice appears to demand it. But the matters just mentioned, though relative to the general subject, are not the question before us. That is much plainer against a new trial. We have the case of a motion to direct a verdict improperly overruled. The jury found that Maupin had not complied with the policy, but was excused by the agent, which could not in law be. And no evidence tended to show any excuse for leaving the books in the store to be burnt."

In some of these cases there is added to the rule heretofore stated that it must further appear that no additional evidence can be adduced to change the result

upon another trial before the appellate court would be justified in either entering judgment, or ordering judgment to be entered in the court below.

Thus in Egan v. Estrada, 6 Ariz. 248, 56 Pac. 721, it is said that all of the evidence being before the court, and "there not being any new facts to be discovered, this court will proceed to do that which the district court should have done, which was to have disregarded the finding * * * not being supported by the evidence."

In St. Louis, I. M. & S. Ry. Co. v. Humbert, 101 Ark. 532, 142 S. W. 1122, the action was for the death of 'one killed while lying on a railroad track, and resulted in a judgment for the plaintiff, and the defendant appealed. Upon reversal the court said:

"The case was fully developed, and no additional testimony can be adduced in another trial tending ·to sustain the plaintiff's case, so it will be useless to remand it for a new trial. The judgment is, therefore, reversed, and the cause dismissed."

The rule in some of the cases seems to be founded upon the proposition that where the error is one of law only the proper judgment on appeal will be rendered.

Thus in Warren Bros. Co. v. Kendrick, 113 Md. 603, 77 Atl. 847, 140 Am. St. Rep. 445, the court held that where the issue determined is one of law merely, the appellate court would, upon reversal, enter judgment in accordance with its decision.

In National Investment Co. v. National Loan & Building Association, 51 Minn. 198, 53 N. W. 546, there was a judgment against the building association upon a certain contract to purchase a certain mortgage made to the investment company by a third person. On appeal to the Supreme Court it was held on the findings that the defendant was entitled to judgment instead of the plaintiff, and the judgment was reversed without specific directions to the court below. When the case

again was called the building association moved on the pleadings and findings and mandate from the Supreme Court for judgment in its favor, which motion was granted, and the investment company appealed. The court said:

"An examination of the opinion of the court in the present case shows that the judgment was reversed, not because of any error in law occurring at the trial, or because the findings of fact were not justified by the evidence, but solely upon the ground that, upon the findings of fact as made, the defendant, and not the plaintiff, was entitled to judgment. * * *

"The effect of the reversal in this case was not to set aside the findings of fact and send the case back for a new trial, but merely to send it back for the rendition of the proper judgment upon the facts as already found. Of course it would have been within the discretion of this court, and perhaps of the trial court, upon a sufficient showing to have directed or granted a new trial; but no such case is presented. The plaintiff rested solely upon the legal proposition that the effect of the reversal was to set aside the findings, and to send the case back for a new trial. If it was error to permit the defendant, on its motion for judgment, to refer to the evidence in the 'settled case' on the former appeal, it was error without prejudice, because it could not have affected the result."

The proposition is otherwise stated in some of the cases to the effect if the error intervened after the trial, upon reversal the case is returned to the lower court to the point where the error intervened.

Thus in Woolman v. Garringer, 2 Mont. 405, the case was tried before a jury, and special issues were submitted to the jury, upon which they found and brought in a general verdict also for the plaintiffs for damages. The objects of the action were to recover damages for the wrongful diversion of water and for an injunction to restrain the defendants from diverting the same. The cause was appealed and reversed and remanded without specific direction. The court said:

"All the facts that were necessary to warrant the court below in entering judgment had been found by a jury and approved by the court. There was no necessity for the court to go back further in the case than where the error occurred

in the proceedings, as the error occurred· subsequent to the trial before the jury. * * * We do not controvert the proposition that where a judgment is reversed for an error occurring before or in the trial of a cause the cause should be tried de novo. But we hold that where the error complained of occurs subsequent to the trial, and where a general verdict shows the facts found by a court or jury, and these are not controverted, and they are sufficient to warrant what we deem a correct judgment, and the opinion of the court clearly indicates that it would consider a correct judgment, then judgment of this court to the effect that the judgment of the court below is reversed and cause remanded, should not be construed as granting a new trial, but as putting the parties back to the state of the case where the error occurred for which the judgment was reversed."

In Missouri, K. & P. Trust Co. v. Clark, 60 Neb. 406, 83 N. W. 202, an action was brought to recover the rental value of a hotel in the city of Lincoln. The trust company asserted the right of a mortgagee in possession, and the reply denied the existence of any such right. The case was tried without a jury, and the court made findings of fact and gave judgment thereon in favor of the defendant. Clark thereupon prosecuted error to the Supreme Court, and obtained a reversal on ' the ground that he was entitled to recovery, and that the findings did not support the judgment. The opinion contained no special directions to the lower court. After the district court became again possessed of the action it denied an application of the defendant for leave to amend its answer. Thereupon the defendant trust company appealed. The court said:

"The contention of the defendant is that when this court reversed the judgment the cause stood for trial de novo in the district court. To this proposition we cannot agree. The books are full of decisions to the contrary. When a judgment is reversed for an error occurring at the trial, the cause must necessarily be tried again. There is no other way to cure the mistake. But if the error upon which a judgment of reversal is based intervened after the trial, there is no good reason for a retrial of the issues. * * * When the judgment of the trial court has been reversed in an error proceeding, the court should retrace its steps to the point where the first material error occurred; it should put the litigants back where they were when the initial mistake was committed; justice requires that much, but it does not require more. A new trial should be awarded only in cases where it is necessary to restore to the complaining party

what he has lost by the error which induced the appellate court to set the judgment aside. The doctrine of the adjudged cases upon this subject is thus clearly stated by the Supreme Court of Arkansas in Nelson vs. Hubbard, 13 Ark. 253: 'When a judgment is reversed for error in the proceedings of the court below, and remanded to be proceeded in according to law, and not inconsistent with the opinion of this court, it is always understood that the proceedings in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court; but the fault or error adjudicated is the point from which the cause is to progress anew.' * * *

"The defendant having failed to move seasonably for a new trial, and the judgment of reversal having left the findings of fact untouched, it was the duty of the district court to render judgment on those findings."

In some of the cases the distinction is founded upon the proposition that where the findings below are set aside by the appellate court the reversal works a new trial.

Thus in Kellog v. King, 114 Cal. 378, 46 Pac. 166, 55 Am. St. Rep. 74, for injunction to restrain threatened acts of trespass, the evidence is without conflict, and showed that the defendants trespassed upon hunting grounds leased by the plaintiff. Despite the evidence the inferior court found all the facts against the plaintiff, and the judgment on appeal was reversed and remanded·for a new trial, the court saying:

"We think upon the evidence, standing uncontradicted, the plaintiff made a case entitling him to the relief asked, and, as the findings are against such evidence, they cannot stand.

"Plaintiff asks us, in the event the judgment is reversed, to order a judgment in his favor, without the necessity of a new trial. This we are not at liberty to do. This court has no power to make findings of fact—that being the exclusive province of the trial court. Since the findings here are against the plaintiff, a judgment we should order in his favor would be exactly in the position of the present judgment—unsupported by the findings. It is only where the findings made by the lower court are such as to support a judgment for the appellant that this court, in reversing a judgment erroneously entered thereon, has jurisdiction to order a proper judgment to be entered. In the present case, therefore, there must be a new trial."

JANUARY TERM, 1922.                45

State ex rel. Bujac v. District Court, 28 N. M. 28

In Backus v. Burke, 52 Minn. 109, 53 N. W. 1013, the
facts were that the case had been reversed on appeal;
and upon the remand the court declined to consider
certain motions on their merits, and without making
any new findings judgment was entered for defendants
on the theory that the court was required to do this by
virtue of the decision of the appellate court. The action
was to determine various claims to real estate. Both
parties claimed title to the premises from a common
source, and the determining question concerned the
validity of a foreclosure suit. The trial court found
generally that the plaintiffs were the owners in fee
simple of the land. On appeal the court held that the
plaintiff's were not the owners of the land. The court
said:

"To the testimony produced by the defendants, wholly un-
contradicted by plaintiffs, the trial court had but to apply
the law, and in so doing it erred (in our opinion), the error
being made manifest in the only finding of fact.  * * *
This finding was declared not only unsustained by the evi-
dence, but directly opposed to what it should have been.
For this reason the judgment was reversed, the inevitable
result being that the finding was swept away, leaving the
defendants without any finding of fact on which to base an-
other judgment, as effectually as if the one reversed had
rested upon a general verdict of a jury. In such a case
a new trial would necessarily follow a reversal. Had the
court below fully found the facts as they were shown to
exist in respect to the claims of each party, and added a
finding of the import of the one heretofore declared not to
have been justified by the proofs, a very different case
would have been presented at this time, for upon the find-
ings which were warranted, and therefore remained un-
disturbed by a simple reversal, defendants could have based
a judgment in their favor. The finding, or conclusion of
fact, as it really would be last referred to, might be cut
out and set aside as not justified, and there would still
remain findings on which to rest a judgment exactly con-
trary to that appealed from. The only fact found being de-
clared unsupported by the evidence, the effect of the reversal
was not to send the case back for the rendition of a proper
judgment upon facts already found, but to remand it for
other findings, to be made of course, upon a new trial
When a judgment is reversed in this court upon the
ground that the findings of fact on which such judgment
is based (be they one or more) are not justified by the
evidence, a new trial must inevitably follow."

In order to obtain the right to judgment upon reversal it is held in some of the states that a motion must be made attacking the legal sufficiency of the evidence of the adverse party in the court below.

Thus in Hay v. City of Baraboo, 127 Wis. 1, 105 N. W. 654, 3 L. R. A. (N. S.) 84, 115 Am. St. Rep. 977, plaintiff brought suit to recover compensation for personal injuries sustained by reason of an insufficient sidewalk in the defendant city. At close of plaintiff's case there was a motion for a directed verdict, which was denied. At the close of all the evidence, there was a motion made for a verdict in favor of the defendant, which was denied. Plaintiff recovered judgment upon the verdict, and the defendant appealed. In discussing the propriety of entering judgment upon reversal, the court said:

"It follows that the motion for a direction of a verdict in defendant's favor at the close of the evidence should have been granted. Further proceedings, under the circumstances, in the court below, other than such as may be necessary for the dismissal of the action, with costs in favor of the defendant, would be useless. As stated in Muench v. Heinemann, 119 Wis. 441, 96 N. W. 800, in the language of Mr. Justice Winslow, 'the substance of the requirement' as to proceedings in the trial court for judgment for one party, when taking the verdict at its face the judgment should and does go the other way, to entitle such party upon prevailing on appeal to a direction from this to the lower court to render judgment in his favor 'is that the appellant shall move for judgment after the verdict is in, so that the trial court may have an opportunity to pass on the question.' The real philosophy of that, it seems, is that when one obtains judgment in the trial court, though upon the pleadings and the evidence the right of the matter is conclusively with his adversary, such court must be so challenged in respect thereto by the latter to at least afford it ample opportunity to considerably pass upon the matter in order to enable the one aggrieved to obtain a direction for judgment upon his successfully appealing to this court. No reason is perceived why that is not as fully satisfied when a motion is made in the trial court for a verdict upon the pleadings and evidence, as where one is made thereon for a judgment regardless of the verdict. In practical effect, the point the court is called upon to decide in one case is the same as in the other. The opportunity to decide the matter considerately is the same whether the motion is made before or after verdict."

JANUARY TERM, 1922.        47

State ex rel. Bujac v. District Court, 28 N. M. 28

It would seem from this quotation that the reason for awarding judgment in one case and denying it in another under the same circumstances, rests in the fact that the lower court must have had an opportunity to decide the question upon a motion challenging it to action thereon. It is to be noted that the West Virginia case hereafter referred to, while placing the argument upon the same ground, i. e., that there must be a motion to direct a verdict, or a demurrer to the evidence, in order to obtain an order for final judgment upon reversal, in West Virginia it is for the benefit of the plaintiff in order to enable him to take a nonsuit that the doctrine is invoked, and not for the benefit of the trial court.

In Ruffner Bros. v. Dutchess Ins. Co., 59 W. Va. 432, 53 S. E. 943, 115 Am. St. Rep. 924, 8 Ann. Cas. 866, and note, the insurance company appealed from a judgment against it in favor of the plaintiff upon an insurance policy. The judgment was reversed, and the cause remanded, with directions to enter judgment for the defendant. This was done by a majority of the court in opposition to the writer of the opinion, and in the opinion, there is a discussion of the authorities as to when and when not, a case may bereversed and judgment entered for the defendant. The argument of the writer of the opinion may be summarized as being to the effect that in the absence of a demurrer to the evidence of the plaintiff, or of a motion for an instructed verdict against him, to reverse and remand with directions to enter judgment for the defendant, is to deprive the plaintiff of an opportunity to take a voluntary nonsuit. We understand the argument to be that if a demurrer to the evidence, or a motion for a directed verdict is made, the case may rightfully be reversed, and a judgment for the defendant ordered. There is force in this proposition. When the sufficiency of plaintiff's proof is challenged by some motion, he then has an opportunity to elect which one of two courses he will pursue. He may either be satisfied with his

proof and go to the jury or court with it, or he may elect to take a non-suit if he is doubtful, and come into court again with such further evidence as he may be able to procure. This seems to be one of the strongest arguments appearing in the books against entering final judgment against the plaintiff upon a reversal for insufficiency of evidence, in the absence of some motion challenging its sufficiency in the court below.

In Latremouille v. Bennington & Rutland Ry. Co., 63 Vt. 336, 22 Atl. 656, there was an action for damages for personal injuries resulting in the death of plaintiff's interstate, and at the close of the testimony the defendant requested the court to direct a verdict in its favor, which was denied. The Supreme Court of Vermont reversed the case and said:

"While we hold that it was the duty of the court to have entertained the defendant's motion to direct a verdict and enter judgment in its favor; and while generally it is the duty of this court to enter such judgment as the trial court should have done; yet, if the trial court had sustained the defendant's motion, the plaintiff might have desired, and been permitted to introduce further evidence, and she may desire so to do on another trial, hence, the cause is remanded for new trial."

In a few states the doctrine seems to be that an appellate court will never reverse and remand a case with directions to enter judgment, if the court is not able to say that the defect cannot be remedied upon another trial.

In New v. Village of New Rochelle, 158 N. Y. 41, 52 N. E. 647, the village brought suit to recover the amount of assessment levied upon the property of the appellant for resetting curbs in the streets in front of his property. The appellant, not knowing that the assessment was void, paid the same, and then brought suit to recover the money, and recovered. Upon appeal to the General Term of the Supreme Court this judgment was reversed and the complaint dismissed upon the merits (91 Hun. 214, 36 N. Y. Supp. 211), upon the

JANUARY TERM, 1922.        49

State ex rel. Bujac v. District Court, 28 N. M. 28

ground that the payment made by the appellant was voluntarily made, and that he could not recover. Upon appeal to the Court of Appeals this judgment was reversed, and the court said:

"We are satisfied with the determination of the learned General Term that the judgment of the county court should be reversed and with the reasons given for that conclusion. The court below, however, went farther and dismissed the complaint upon the merits. This, as we think, it had no power to do, under the circumstances, because it is not certain but what further evidence may be produced upon another trial that will so change the essential facts as to warrant the conclusion that the payment in question was not voluntarily made. The General Term had power to 'reverse or affirm, wholly or partly,' or to modify the judgment of the county court, and 'if necessary or proper,' to grant a new trial. Code Civ. Pro. § 1317. The rule seems to be well settled that in order to justify an appellate court in rendering final judgment against the respondent upon the reversal of the judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot."

In Benedict v. Arnoux, 154, N. Y. 715, 49 N. E. 326, there was an action to foreclose a mortgage. The trial court entered the usual judgment of foreclosure and sale. Upon appeal the judgment was reversed, and a judgment rendered in favor of the defendant. An appeal was thereupon prosecuted to the Court of Appeals. This latter judgment was reversed upon the ground that the Appellate Division had no power to decide issues of fact such as were raised in the case. The court said:

"It is only in cases where the facts are conceded or undisputed, or are established by official record or found by the trial court, that such a court is justified in awarding final judgment."

The court quoted from Cuff v. Dorland, 57 N. Y. 560, as follows:

"Upon the appeal from the judgment dismissing the plaintiff's complaint, the General Term of the Supreme Court had power to reverse, affirm or modify the judgment appealed from, * * * That court did reverse the judgment ap-

pealed from and rendered a final judgment in favor of the plaintiff, who had been defeated below, for such sum as from an examination of the evidence it was thought he should have recovered at the Special Term.    This the General Term had no power to do.    They had power to order final judgment when the facts were agreed to by the parties or found by the court or a jury on the trial."

It would seem from the foregoing case that even in New York, which takes the most advanced grounds in regard to the right of a new trial upon reversal, where the facts are found by the court there is no right to a new trial.

A general survey of this whole matter would seem to lead to the conclusion that there is one fundamental principle always to be applied, and that is the appellate court, unless prevented by some limitation upon its powers, should, upon reversal, either render the proper judgment or direct the lower court to do so, except in those cases where such action is prevented by the circumstances, or where legal injustice would thereby result to one of the parties.    Ordinarily the parties should go back to the point where the error occurred, and the case should proceed from that point to a conclusion, unless the circumstances prevent such a course.    The fact that the infirmity of the case is first disclosed in the appellate court has nothing to do with the matter, and creates new rights in the losing party.

Thus in jury trials if the error occurs prior to verdict there must be a new trial, because the parties cannot be placed in the same position they were in when the error occurred, and before the same jury.    This is a rule of necessity.    If the error is in the verdict, for example, where it is not supported by substantial evidence, there must at least in civil cases be a new trial, for in such cases there remains no verdict upon which to base the judgment.    In such cases, however, it would seem that in the absence of a motion in the trial court for an instructed verdict the complaining party would not be in position to urge the error upon this court, although

we might, of our own motion, consider the same. Sais v. City Electric Co., 26 N. M. 66, 188 Pac. 1110. If the error occurred by reason of the court denying a motion for judgment non obstante veridicto, it would be an error of law which should be corrected by directing the district court to enter the proper judgment. If an improper judgment be rendered upon the verdict, the same rule would apply.

In trials before the court without a jury less restriction exists upon this court in ordering judgment to be entered. If the evidence fails to substantially support some of the findings, such findings will be overturned, but if enough findings remain to authorize judgment for the opposite party, it will be directed. If no findings remain sufficient to support any judgment, upon reversal the cause will be remanded, with directions to dismiss the cause, in case the proofs have been fully developed and the plaintiff has not been prevented by erroneous rulings from fully making out his case. In the latter event, of course, the plaintiff must have, on reversal, the opportunity which was denied him in the first instance. In case the judgment rendered is not supported by the findings the proper judgment will be directed.

In connection with the foregoing considerations, it is to be remembered that the insufficiency of the evidence to support a verdict or findings, in order to be available as ground for reversal, with directions to enter judgment, must be called to the attention of the opposite party and the court by appropriate motions in the court below. Otherwise the right to take a nonsuit may be lost to the plaintiff, and an injustice worked against him. Likewise the failure to make such a motion would deprive the trial court of the opportunity to pass directly upon the question involved, which would render the error unavailing in this court. But when all of the steps are taken in the court below which are required to preserve the appellant's rights and to

call attention of the court and the opposite party to the point made, there is no reason why, upon reversal, and in the absence of controlling circumstances of necessity, that there should be another trial of the issues. Unless prevented by the erroneous rulings of the trial court, each party to the cause is presumed to have put forward all of the facts in his possession reflecting upon the issues involved. If they fail to do so, the facts and circumstances not so presented are deemed to have been lost or waived. Cromwell v. Sac. County, 94 U. S. 351, 24 L. Ed. 681, 15 R. C. L. "Judgments," § 438.

Applying some of the foregoing considerations to the case at bar, it is clear that the claimant is not entitled as a matter of right to a new trial upon reversal of the case. The error upon which the case was reversed was not in the findings of fact; there being no controversy between the parties as to what the facts really were. The controversy between the parties was as to the legal effect of the facts shown in evidence. The claimant urged that the facts shown in evidence were corroboration within the requirements of the statute. The executor claimed that the facts shown were not corroboration within the legal requirement. The claimant is presumed, there having been no adverse ruling by the court preventing him, to have shown all the facts in his possession tending to corroborate his testimony as to his claim against the estate. If he had other facts in his possession which he failed to produce, he has now lost the benefit of the same, and could not now be heard to produce them. It follows that the district court was correct in entering the judgment which was entered in this case.

There is another reason appearing in this record which conclusively prevents relief to the claimant. At the time of the entry of the judgment in the court below, the court ordered that the claimant have 20 days within which to make a motion for a new trial. This

the claimant declined to do, and· stood upon his supposed absolute and unqualified right to a new trial under the circumstances. In this he was in error, and again lost his case by not availing himself of the opportunity to show newly discovered evidence, or any other legal reason why the judgment should be vacated and a new trial awarded.

It follows from the foregoing that the alternative writ of mandamus should be discharged, and that the alternative motion of the claimant to recall the mandate and to direct a new trial in the court below should be denied; and it is so ordered.

RAYNOLDS, C. J., and DAVIS, J. concur.