**BLOEDORN v. BLOEDORN.**

No. 6813.

United States Court of Appeals for the District of Columbia.

Decided April 26, 1937.

George C. Gertman, of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

246

MARTIN, Chief Justice.

An appeal from a decree of the District Court of the United States for the District of Columbia involving certain provisions for the maintenance of the appellant, an infant, granted by the lower court in a suit brought for that purpose. The appeal arises upon an intervening petition in the case of Bloedorn v. Bloedorn, decided by this court on February 4, 1935, reported in 64 App.D.C. 199, 76 F.(2d) 812, which may be read in connection with this opinion.

The original case was begun in the lower court by May Howard Bloedorn, the infant's mother, who, on April 4, 1929, filed a bill of complaint against her husband, Walter A. Bloedorn, the infant's father, praying that he be required to pay her an adequate amount for the support of herself and their infant child.

The defendant in his answer to the original bill filed in the lower court alleged that he was unable to pay more than $150 a month for the support of his wife and child, and further stated as follows:

"In this connection and particularly with reference to the insurance mentioned in paragraph 6 of said bill, defendant says that it is true he has carried insurance in the sum of Fifty Thousand Dollars ($50,000); that he did so to protect his child and guard against her coming to want through the improvident conduct and habits of plaintiff. This said insurance is made in the form of a trust fund for the benefit of said child and has been a further considerable drain upon his moderate and reduced resources because it has and is costing him the sum of One Hundred Dollars ($100.00) per month to carry the same, but he considers it especially valuable because of his present health and physical condition he cannot obtain any further insurance."

On March 3, 1931, a final decree was entered in the cause, with the consent of the plaintiff and defendant, reading in part as follows:

"1. That the defendant, Walter A. Bloedorn, be and he hereby is directed to pay to the plaintiff, May Howard Bloedorn, the sum of Two Hundred and Seventy-five Dollars ($275.00) per month for the support and maintenance of herself and Helen May Bloedorn, the infant child of the parties hereto, the first payment hereunder to be made on the date hereof, and a like amount to be paid on the 1st day of each and every month hereafter.

"2. That the said defendant be and he hereby is directed to retain in full force and effect the policy or policies of insurance heretofore taken out by him on his own life in the sum of Twenty-five Thousand Dollars ($25,000.00) for the sole and exclusive benefit of the said minor child, and to make all payments of premiums due on account of said policies so long as his present income remains such that he is financially able to do so, and he is further directed to do no act or thing or make any change of beneficiary thereunder so as to deprive the said infant child from receiving the benefits of the said insurance policy or policies."

The defendant complied with the decree directing him to pay to the plaintiff $275 per month as aforesaid until December 2, 1933, when he refused to continue such payments upon the ground that after the entry of the decree of March 3, 1931, he had obtained an absolute divorce from his wife in the circuit court of Arlington county, Va., in a suit instituted by him against her, and that the court in that case had granted no maintenance to his wife, but had ordered him to pay the sum of $75 per month to her for the support of their infant child.

Upon these facts the lower court denied a rule requiring the defendant to continue the payment of $275 per month to his wife in accordance with the original order and decree of the court.

Afterwards, to wit, on February 4, 1935, this court reversed the foregoing decree of the lower court in part and remanded the cause with instructions that such further proceedings be had as might be deemed necessary to ascertain and protect all rights of the child in the premises, including her rights under the consent decree of March 3, 1931.

Upon a hearing by the lower court of the cause upon the mandate of this court, the court found, among other things, that the defendant had kept and retained in full force and effect the policies of insurance theretofore taken out by him on his own life in the sum of $25,000 for the sole and exclusive benefit of the infant child and made all payments of premiums due on account of such policies and had done no act or thing or made any change of beneficiary thereunder so as to deprive the in-

fant child from receiving the benefits of the insurance policy or policies; and that the amount of such insurance in force was in the sum of $37,000, being $12,000 in excess of the requirements of the decree of March 3, 1931. The court also found that the defendant's net income during the calendar year 1934 was about $9,500, after payment of income taxes; that the infant child of the parties was born on July 8, 1918, attended Central High School, and expected to graduate in June, 1936; that she attended summer high school for the purpose of assisting her in her studies and her final year in high school, and also attended Strayer's Business College; that she had been taking lessons on the violin and piano, which were suspended for want of means with which to pay for the same; that after her graduation from high school she desires to enter college or a law school; that the child and her mother reside together at the Burlington Hotel in a one-room and bath apartment costing $60 per month.

The lower court thereupon found that a reasonable allowance for the infant's maintenance, support, and education would be $100 per month, and ordered that the father should keep up the insurance on his life for the benefit of his daughter until she reached the age of twenty-one years. A decree was entered by the court in accordance therewith, and the findings of fact in support of the court's conclusion were made part of the record.

An appeal was then taken to this court by a duly appointed guardian ad litem for the minor daughter, and the following subjects were stated to be the sole questions presented by the appeal, to wit:

"First: Whether the decree of March 3, 1931, required the appellee to carry insurance on his life for the benefit of his daughter during her lifetime, or only until she attains her majority."

"Second: Whether the allowance of $100 a month made for the daughter's support and education is adequate and commensurate with her father's annual net income which in the year 1934 was about $9,500."

We are of the opinion that the record in the case does not justify us in disturb-ing the decision of the lower court upon the intervening petition of the minor child in either of the two particulars thus set out.

The lower court in ruling upon the first question held that the decree of March 3, 1931, required Dr. Bloedorn to keep the insurance in force for the benefit of his daughter during her minority and no order was made declaring any interest of the daughter in the insurance after she became an adult.

No legal duty exists in this District by either the common law or statute requiring a father to provide for a child after that child has attained majority, and the present suit in which the decree of March 3, 1931, was entered related only to the support of the defendant's child during her infancy, and bore no relation to the property rights of the father and daughter after the daughter should reach her majority. The suit was brought by the mother solely for the purpose of securing support for herself and child during the latter's infancy and raised no issue as to the disposition of the father's property or his duties toward his daughter after she reached her majority.

Therefore, holding as we did in our prior opinion in the case, that the consent decree was also a contract between the parties, it is apparent from the language used and from the circumstances then existing between the parties that it was not contemplated that the father should be required during his entire lifetime to keep the insurance in effect by premium payments to be made by him thereon after his daughter should have attained her majority.

With respect to the second question as to the adequacy of the allowance of $100 per month maintenance money allowed by the lower court for the infant's support and education, we do not feel justified in disturbing the decision of the lower court. Such a subject calls for the application of a sound discretion which may be exercised by the trial court better than by an appellate tribunal, and no abuse of discretion appears in the present case.

Consistently with this view of the case we affirm the decree of the lower court.

Affirmed.