247 P.2d 162

In re COE'S ESTATE.

COE v. COE.

No. 5513.

Supreme Court of New Mexico.

Aug. 5, 1952.

Frazier, Quantius & Cusack, Roswell, for appellant.

Brenton & Hall, Carrizozo, for appellee.

McGHEE, Justice.

On November 2, 1927, the claimant, Lina C. Coe, was divorced from William Thomas Coe in the District Court of Lincoln County and was given judgment against him for $75 per month for the support of four minor children of the parties. The youngest child was born March 1, 1922, and became 21 years of age on March 1, 1943. At the time of the divorce William Thomas Coe was a resident of the state of Texas, but moved to Lincoln County, New Mexico, in 1934, where he continuously resided until his death on August 10, 1950. No payments were ever made on the judgment, and following the probate of the will of William Thomas Coe, his former wife, the judgment creditor, filed a claim against his estate for the sum of $15,300. At the hearing the claimant abandoned all of her claim except for $75 per month for the seven years preceding the death of Coe.

After the filing of the claim the probate proceedings were removed to the district court where, following a hearing, the claim was denied in toto under the seven-year statute of limitations, Sec. 27–102, N. M.S.A. 1941 Comp., and for laches.

It is the contention of the claimant the obligation of the decedent to pay $75 per month to her did not terminate upon the youngest child reaching the age of 21 years, or upon the death of the decedent; and that the only way in which such liability could be terminated was by modification of the decree, and as there has never been a modification the monthly payments are still accruing.

The portion of the decree upon which the claimant relies reads:

"It Is Further Considered, Ordered and Adjudged, That the said plaintiff do have and recover of and from the defendant Will T. Coe, as maintenance and support money for said four minor children, a judgment for the sum of $75 per month, payable and to be paid monthly, on or before the 10th day of each and every month, from and after the date of this decree; * * *"

Authority for granting judgment for the support of minor children is contained in Sec. 25–706, N.M.S.A., 1941 Comp., Sec. 68–506, 1929 Comp., the material part of which reads:

"* * * and, on final hearing, may allow the wife such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the husband, either in a single sum, or in instalments, as alimony, as under the circumstances of the case may seem just and proper; and, on such hearing, may set apart out of the property of the respective parties, such portion thereof, for the maintenance and education of their minor children, as may seem just and proper, and may make such an order for the guardianship, care, custody, maintenance and education of said minor children, or with reference to the control of the property of the respective parties to the suit, or with reference to the control of the property decreed or fund created by the court for the maintenance and education of said minor children, as may seem just and proper; and may modify and change any order in respect to the guardianship, care, custody, maintenance or education of said children, whenever circumstances render such change proper. Said district court shall have exclusive jurisdiction of all matters pertaining to said guardianship, care, custody, maintenance and education of said children, and with reference to the property decreed or funds created for their maintenance and education, so long as they, or any of them, remain minors; and if any of the property decreed or funds created for the maintenance and education of the children, as aforesaid, shall remain on hand and be undisposed of at the time the minor children become of age, the same may be disposed of by the court as unto it may seem just and proper."

Clearly, this statute only confers power on the district court to provide for the children during their minority, and when they reach the age of 21 years all power over them ceases. It will be noted the district court must at this latter time make disposition of any property or funds created for the maintenance and education of such children.

In 162 A.L.R. beginning at page 1084 there is an annotation on the subject of the power of a court to provide for the support of children after they reach the age of 21 years. The annotator states 162 A.L.R. on page 1085:

"Largely in reliance upon the commonly expressed rule that when a child of the parties to a divorce or separation action attains his majority, authority of the court over such child comes to an end, it has been held or

recognized, except in a few scattered cases, that a court in a divorce or separation suit is without power to provide for the support of, or aid to, an adult child of the parties, or to continue a provision for support after a child attains his majority."

Supporting the annotation we find cases cited from the courts of the United States, Alabama, Arizona, California, Florida, Idaho, Illinois, Kansas, Kentucky, Maryland, Michigan, Missouri, New Jersey, New York, Ohio, Oklahoma, Oregon, Washington and Wisconsin. Not all of the cases cited are in point here, but the rationale is the same, that the liability is only during the minority of the child.

Section 671 of the Oklahoma Statutes 1931, 12 Okl.St.Ann. § 1277, providing for support money of children on divorce of the parents, is to all intents and purposes the same as ours. It was there held in the case of Lowry v. Lowry, 189 Okl. 650, 118 P.2d 1015, that although an order for the support of minor children did not provide that it terminated when the children reached their majority, such order did so terminate, subject to the right of the judgment creditor to collect unpaid installments accruing before such time.

In Thiessen v. Moore, 105 Ohio St. 401, 137 N.E. 906, 911, it was held the trial court was without power to provide for the maintenance of children of a divorced couple after the children became of age, and that part of a decree was ultra vires and subject to collateral attack. We quote therefrom as follows:

"Section 11987, General Code, provides:

" 'The granting of a divorce and dissolution of the marriage in no wise shall effect the legitimacy of children of the parties thereto. The court shall make such order for the disposition, care and maintenance of the children, if any, as is just.'

"Section 7997, General Code, provides:

" 'The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.'

"The legal obligation of the parent to support his children extends to but not beyond each child's majority. This court, in the case of West v. West, 100 Ohio St. 33, 124 N.E. 888, approved its former holding in the case of Marleau v. Marleau, 95 Ohio St. 162, 115 N.E. 1009, wherein it declared:

" 'A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly

gives, and such as is necessary to make its orders and decrees effective.' ·

"The Legislature having imposed no obligation upon the parent beyond the majority of the children, the court was without power to create such obligation, was without power to do other than provide for the maintenance, care, education, and custody of the children during minority, and was without power to make any order with reference to the children which was not for the purpose of maintenance, care, custody, and control during minority."

See also Commonwealth **ex** rel. v. Hopp, 30 Pa.Dist. & Co. 648 and authorities therein cited.

There is **no** authority which we have found authorizing a district court in this state to render a judgment in a divorce case for the support of children after they arrive at their majority, and although the judgment did not state in terms support money was allowed only until the youngest child reached the age of 21 years, such was its necessary effect. We, therefore, hold that judgment for $75 per month, payable monthly, was granted only during the minority of the children. When the youngest child attained the age of 21 years in 1943, **no** further liability accrued thereunder.

As William Thomas Coe died on August 10, 1950, more than seven years after the youngest child reached her majority, we also hold the indebtedness on the judgment was barred by limitations prior to the death of Coe and the action of the trial court in denying the claim was correct. As this holding disposes of the claim we will not consider the issue of laches.

Soon after the claim was filed in the probate court the executrix caused it to be removed to the district court, and on her application the district court taxed the docket fee in such court against the claimant, as well as the costs incurred in taking the deposition of the plaintiff. The deposition was not filed in the case and was evidently taken for the purpose of discovery. The claimant seasonably moved to retax such costs but her motion was denied. We know of no law authorizing the taxing of these costs against a claimant under the circumstances here present, and direct that she be relieved of such items.

The judgment of the district court on the claim will be affirmed, subject to the retaxing of the costs as indicated, but because of the error in the matter of costs the claimant will be awarded her docket fee in this court.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.