**Henry E. JONES, Appellant,**

v.

**Eulaine H. JONES, Appellee.**

**No. 4850.**

District of Columbia Court of Appeals.

Argued Dec. 15, 1969.

Decided March 6, 1970.

---

1. D.C.Code 1967, § 17–305(a).

2. The expert also testified that wheel misalignment causes a shimmy and driving instability.

Godfrey L. Munter, Washington, D.C., with whom Louis P. Maniatis, Washington, D.C., was on the brief, for appellant.

C. William Tayler for appellee.

Before FICKLING, KERN and NEBE-KER, Associate Judges.

NEBEKER, Associate Judge.

This is an appeal from an award of custody of two minor children to the appellee-wife and a maintenance order on her behalf. The appeal also is from an order requiring the husband to support these two children and a third child who is an emancipated adult. Appellant had filed a separate action for absolute divorce grounded on constructive desertion or, alternatively, on voluntary separation. In granting judgment for the wife, the husband's action was dismissed and he also appeals from this dismissal. The dismissal was, in reality, based on a trial finding against the husband. Viewing the dismissal thus, we affirm the denial of the divorce. However, we reverse so much of the judgment as it relates to the support and maintenance award, and remand for further findings thereon.

The parties were married on September 30, 1944. Since then three children were born—a son on August 6, 1945, and two daughters on January 9, 1950, and February 12, 1954, respectively. The parties lived together in Maryland until August, 1966, at which time the husband left the wife and has since resided in the District of Columbia. The husband has paid $150 per week to the wife and the children for maintenance and child support since the separation. She, having found the payment inadequate to sustain the family, instituted the child custody, support and maintenance action in September, 1966. Thereafter, he sued for an absolute divorce. These actions were consolidated for trial.

The trial court found that the husband's evidence in support of his divorce

complaint, purporting to establish cruelty[1] as a basis for constructive desertion and voluntary separation, failed as a matter of proof. These findings, not being clearly erroneous, are affirmed.

■ The husband also contends that the court has no jurisdiction to award child custody and support where the children are residing and domiciled in Maryland even though both parents are personally before the court. We recently rejected this contention in Alves v. Alves, D.C.App., 262 A.2d 111, 116 (Decided February 17, 1970), by holding that the trial court had jurisdiction in just those circumstances. We affirm the award of custody.

■ He makes much of the assertion that as head of the household it is he who determines the standard of living of the family. He specifically asserts that adequate payment after separation should equal and not exceed pre-separation expenditures. The trial court rejected this argument and also found that the claimed post-separation payments were not made. Upon reviewing appellee's exhibits 1–8(O) and her testimony which revealed that the amount contributed by the husband after separation was inadequate, we conclude that it was sufficient to support the finding of a "failure" to maintain the wife.

■ In addition, he also contends that the trial court's findings that he "failed" to support the *"three* children of the parties" is in error. (Emphasis supplied.)

The wife concedes that support for the one emancipated child is incorrect. In light of the facts of this case, we agree. D.C. Code 1967, § 16–916(a) states:

> "Whenever any husband shall fail or refuse to maintain his wife, *minor* children, or both, although able to do so, * * * the court, upon proper application, may decree, * * * that he shall pay reasonable sums periodically * * *." (Emphasis supplied.)

The record conclusively establishes that one child was an adult enrolled in Georgetown University Dental School. (Tr. 307.) This fact, no doubt by inadvertence, was overlooked. In the absence of extraordinary circumstances, this jurisdiction recognizes that "[n]o legal duty exists in this District by either the common law or statute requiring a father to provide for a child after that child has attained majority * * *."[2] Due to the fact that there is no distinction between the amount for child support and the amount for maintenance in the decree, we reverse and remand for a redetermination. We note that the proof regarding the amount expended by the wife does not distinguish between maintenance for herself and child support, nor how much "support" has gone to the adult offspring. Accordingly, a hearing will be required to determine the proper amount of maintenance and child support.[3]

Affirmed in part and reversed in part.

---

1. The evidence offered to prove cruelty was characterized as engaging in tantrums, causing social embarrassment, and interference with financial affairs. We need not decide whether, if believed, this evidence was sufficient to prove cruelty justifying divorce.

2. Bloedorn v. Bloedorn, 67 App.D.C. 214, 216, 91 F.2d 245, 247 (1937). *See also* Jackson v. Jackson, D.C.App., 200 A.2d 380, 382 (1964); and Blumenthal v. Blumenthal, D.C.Mun.App., 161 A.2d 137 (1960), rev'd sub nom. on other grounds, David v. Blumenthal, 110 U.S.App.D.C. 272, 292 F.2d 765 (1961).

3. The record is also somewhat doubtful as to the wife's alleged current need of funds for real estate taxes, automobile insurance, hospital insurance, or college education expenses for a minor daughter. (Tr. 230, 400, and 405–06.) In the absence of evidence reflecting definite need, the trial court should not include such claims in the award of maintenance and support.