**William Thornton SPENCE, Appellant,**

v.

**Frances A. SPENCE, Appellee.**

**No. 4938.**

District of Columbia Court of Appeals.

Argued March 13, 1970.

Decided June 10, 1970.

———◆———

Elizabeth Guhring, Washington, D. C., for appellant.

Matthew A. Kane, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

HOOD, Chief Judge:

This appeal presents the question whether a father legally may be compelled to pay for the support and education of his child after the child has reached the age of 21 years. More specifically, the question is whether the Domestic Relations Branch of the trial court has jurisdiction during a child's minority to order the father to make payments for the fourth year of college education for the child when that fourth year will not occur until after the child becomes 21 years of age. The facts giving rise to this question are as follows.

In 1966 the mother of the child sued the father for a divorce, for alimony, for custody of the three minor children, and for support for the children. Shortly after the action was filed, the father and mother entered into a separation agreement which provided among other things that the mother should have custody of the children, and that the father would pay her for the support of the children $500 a month, such sum to be "reduced by One Hundred Sixty-six ($166.67) Dollars and Sixty-seven Cents as each child reaches the age of 21 years, becomes emancipated by marriage, employment or military service, or becomes deceased."

Following execution of the agreement a consent judgment was entered, dismissing the wife's claim for divorce, awarding custody of the three children to the mother, and ordering the father to pay the mother for the "support and maintenance of the three minor children" $500 a month, until further order of the court. In addition the judgment "ratified and confirmed" the separation agreement. Some time thereafter the mother obtained a divorce in the State of Nevada.

At the time the consent judgment was entered, the ages of the three children were respectively 11, 14 and 15. The oldest of the children, a daughter, commenced her first year at Sarah Lawrence College in September 1968. . In December of 1968, the

trial court, on motion of the mother, amended the original order for support by requiring that, in addition to the monthly award of $500 for support of the children, the father "pay the sum of One Thousand Five Hundred ($1,500.00) Dollars to the plaintiff [mother] on January 15, June 15, and September 15 of each and every year commencing January 15, 1969, so long as Anne Thornton Spence shall pursue a baccalaureate curriculum at Sarah Lawrence College."

The father sought to have the language above quoted amended by the addition of the following, "or until her twenty-first birthday, whichever occurs first, but excluding however the June 15 payment immediately preceding her twenty-first birthday." The court refused to order the proposed amendment and this appeal followed.

The father does not question his ability to pay for his daughter's college education or the daughter's capacity for such an education,[1] and he does not question the power of the trial court to order him to pay for such education during the daughter's minority. He questions only those payments of $1,500 each which he would be required to pay on June 15, 1971, September 15, 1971, and January 15, 1972. These payments would be for the academic year commencing in September 1971, and the daughter will be 21 years of age on June 20, 1971. In short, the father contends he is not legally bound to support or educate his daughter after she has reached her majority.

■ Congress has given the Domestic Relations Branch of the trial court exclusive jurisdiction of actions "for support and custody of minor children", of "civil actions to enforce support of minor children", and of actions seeking "custody of minor children". D.C. Code 1967, § 11–1141. We find nothing in the statute authorizing the court to issue an order compelling a father to support an adult child.

Indeed, the implication is to the contrary, and certainly the case law of this jurisdiction is to the contrary.

In Bloedorn v. Bloedorn, 67 App.D.C. 214, 216, 91 F.2d 245, 247 (1937), the highest court of this jurisdiction said:

> No legal duty exists in this District by either the common law or statute requiring a father to provide for a child after that child has attained majority * * *.

The same thought runs through other cases. For example, in Emrich v. McNeil, 75 U.S.App.D.C. 307, 310, 126 F.2d 841, 844 (1942), the court speaks of a father's "primary obligation to maintain a minor child", and in Thomason v. Thomason, 107 U.S. App.D.C. 27, 29, 274 F.2d 89, 91 (1959), the court referring to the statute conferring jurisdiction on the Domestic Relations Branch, said one of the clear purposes of the statute "is to provide for the support of minor children who are involved in divorce proceedings." This court has recognized the same rule. For example, in Jackson v. Jackson, D.C.App., 200 A.2d 380, 382 (1964), we said:

> The oldest child having passed the age of twenty-one years was, as the trial court recognized, no longer entitled to support from his father.

See also Jones v. Jones, D.C.App., 262 A.2d 601 (1970).

In support of her contention that the father may be compelled to complete the education of the daughter after majority, the mother relies strongly on Maitzen v. Maitzen, 24 Ill.App.2d 32, 163 N.E.2d 840 (1959).[2] That case was based on an Illinois statute and we do not find it persuasive.

■ We hold that in this jurisdiction there is no authority that requires a father

---

1. See Pincus v. Pincus, D.C.App., 197 A.2d 854 (1964).

2. See also Crane v. Crane, 45 Ill.App.2d 316, 196 N.E.2d 27 (1964).

to support and educate an adult child.[3] The case is remanded to the trial court with instructions to grant the father's motion to amend the judgment.

So ordered.

3. It may be noted that by statute a father may under specified circumstances be required to support an adult child in need of public assistance, and pay for the hospitalization of a mentally ill adult child. D.C.Code 1967, §§ 3–218 and 21–586.