Nina H. TYRE, Plaintiff,

v.

Clara Madeline LEWIS and Clara Madeline Lewis, Executrix of the Estate of John H. Tyre, deceased, Defendants.

Court of Chancery of Delaware, Kent.

April 5, 1971.

Nicholas H. Rodriguez, Dover, for plaintiff.

Claud L. Tease, Georgetown, for defendants.

MARVEL, Vice Chancellor:

Nina H. Tyre, the widow of John H. Tyre, brings this action against her stepdaughter, Clara Madeline Lewis, individually and as executrix of her late father's estate. She seeks an order rescinding an ante-nuptial agreement executed by Mr. and Mrs. Tyre prior to their marriage on October 3, 1961, which agreement provided essentially that the parties thereto thereby renounced any interest in the other's estate.

Plaintiff contends that such agreement is void because of the fact that when Mr. and Mrs. Tyre executed the agreement in question, one of the witnesses thereto failed to subscribe his name as a witness to the execution of such instrument, citing 13 Del.C. § 301.[1]

Defendant has moved for summary judgment of dismissal of the action on the primary ground that the statute does not require witnesses to subscribe their names to an ante-nuptial instrument. Defendant also contends that even were the statute to be construed so as to require the stipulated witnesses to affix their names as such, equitable considerations clearly deny plaintiff the right successfully to assert that she should be thus relieved from the terms of a commitment she voluntarily assumed ten years ago.

The following facts are undisputed. Plaintiff and her deceased husband executed the ante-nuptial agreement here in question on September 7, 1961 in contemplation of their forthcoming marriage. Both parties had been married previously. The agreement was admittedly signed by both parties in the presence of the deceased husband's attorney and his secretary. However, only the secretary subscribed her name to the agreement as a witness. Nonetheless, the fact that the attorney was present at the execution of the agreement is, as noted above, conceded by plaintiff's attorney and the record is to such effect. Mr. Tyre subsequently executed a will in which he left his entire estate to his daughter, the executrix of his estate, and her children, having previously conveyed real estate in Frankford, Sussex County, to such daughter. If plaintiff should be successful on her present application for rescission, she asks that her dower rights and a widow's share of her late husband's estate be established by Court order.

Assuming without deciding that 13 Del. C. § 301 impliedly requires that witnesses to an ante-nuptial agreement subscribe their names as witnesses to such an instrument at the time of its execution, this Court, in my opinion, should not permit plaintiff to repudiate her clear undertaking of 1961 on the basis of the technical point now relied on. Plaintiff does not allege fraud, undue influence or mistake, and there is no evidence of record that she at any time from the date of execution of the agreement up to the time of her husband's death ever complained about the terms of the agreement in issue.

Ante-nuptial agreements are not solely creatures of statute having their origins in the common law, and long before the earliest statute on the subject was enacted in this State in 1873, this Court in the case of Cochran v. McBeath, 1 Del.Ch. 187, upheld the validity of an ante-nuptial agreement despite the fact that the wife had failed to sign it, the Court stating:

"* * * that in equity the form of the agreement, so that it is in writing, is

[1]. "A man and a woman in contemplation of matrimony * * * may make a marriage contract * * * executed in the presence of two witnesses * * *".

not material; that marriage is a valuable consideration, and that the husband and wife may, in equity, sue each other and compel the execution of such a contract."

Furthermore the later enacted statute governing the drawing up of ante-nuptial agreements neither expressly nor impliedly sought to limit this Court's general equity powers. Finally, in the case of Farrow v. Farrow, 1 Del.Ch. 457, this Court, in noting an irregularity in an ante-nuptial agreement, stated:

"Like all other contracts, if she (the wife) is fully apprised of all the circumstances, if she acts with her eyes open, and has an equal knowledge with the husband of all the facts, so that she may judge of them and of the probable result of the contract, she certainly ought to be bound."

See also, McAlpine v. McAlpine, (Supr. Jud.Ct.Me.) 116 Me. 321, 101 A. 1021, in which the court held that a widow was bound on equitable grounds to the terms of an ante-nuptial agreement which was not witnessed by anyone despite the fact that the pertinent statute, as is the case in Delaware, provided for execution of such a document "in the presence of two witnesses." I conclude that defendant's motion for summary judgment must be granted.

Order on notice.