509 P.2d 254

**Ray PHELPS, Plaintiff-Appellee,**

v.

**Ferinez PHELPS, Defendant-Appellant.**

**No. 9546.**

Supreme Court of New Mexico.

April 20, 1973.

McCormick, Paine & Forbes, Carlsbad, for defendant-appellant.

Glenn G. Stiff, Roswell, for plaintiff-appellee.

OPINION

MONTOYA, Justice.

Ray Phelps (appellee) filed a complaint for divorce from Ferinez Phelps (appellant), which divorce was granted. The judgment was entered on September 15, 1967, awarding custody of the three children to appellant, and requiring appellee to pay child support on behalf of the minor children.

Due to appellee's alleged violation of the child support provisions of the 1967 judgment, appellant filed a motion for order to show cause why appellee should not be adjudged in contempt for failing to pay child support for one of the children Andrea Phelps, the motion alleging that appellee had ceased making support money payments for Andrea in November 1971, on the grounds that she had become emancipated upon attaining the age of 18 years.

Appellant further alleged that two children, Andrea and Robin Mae, were still in the care and custody of appellant and thus appellee was bound to comply with the judgment granting child support. It is not alleged that appellee has failed to comply with the 1967 judgment insofar as Robin Mae is concerned. Therefore, we are concerned with the 1967 judgment only insofar as it concerns Andrea.

Following the entry of an order to show cause, appellee filed his response, motion to strike, motion for judgment on the pleadings, and motion to dismiss for lack of jurisdiction. These motions were argued before the trial court and the court found that the motion on its face shows that Andrea Phelps is no longer a minor and that it did not have jurisdiction to enforce the judgment insofar as it provides for child support payments for Andrea Phelps. The order to show cause was discharged and appellee was granted judgment on the pleadings. This appeal ensued.

We are confronted with two questions: (1) Did the district court have the authority to enforce the 1967 judgment of the court insofar as Andrea Phelps was concerned; and (2) does the application of § 13–13–1,

N.M.S.A., 1953 Comp. (Repl. Vol. 3, 1971 Pocket Supp.) in this case violate art. IV, § 34, of the New Mexico Constitution?

The 1967 judgment made the following provision for the support of the three minor children:

"3. That plaintiff shall pay child support in the sum of $345.00 per month commencing August 20, 1967, such sum to be reduced by $115.00 per month as each child becomes twenty-one years of age or marries *or otherwise becomes emancipated.* Such payments shall be used by the defendant for the support of said children and to supplement the educational trust funds hereinafter referred to, if any such children elect to go to college or any training or education institution." (Emphasis added.)

The statute which reserves jurisdiction in the district court for enforcement of the 1967 judgment is § 22–7–6, N.M.S.A., 1953 Comp., which provides in pertinent part:

" * * *. Said district court shall have exclusive jurisdiction of all matters pertaining to said guardianship, care, custody, maintenance and education of said children, and with reference to the property decreed or funds created for their maintenance and education, *so long as they, or any of them remain minors*; and if any of the property decreed or funds created for the maintenance and education of the children, as aforesaid, shall remain on hand and be undisposed of *at the time the minor children become of age*, the same may be disposed of by the court as unto it may seem just and proper." (Emphasis added.)

Section 13–13–1, supra, passed in 1971, provides in part as follows:

"A. Except as provided in subsections B and C, notwithstanding any other law to the contrary:

"(1) any person who has reached his eighteenth birthday shall be considered to have reached his majority and is an adult for all purposes the same as if he had reached his twenty-first birthday;

"(2) any law conferring any right or privilege, or imposing any duty or obligation, upon any person who has reached his twenty-first birthday shall apply to any person who has reached his eighteenth birthday;

"(3) any law which denies any right or privilege to persons who have not reached their twenty-first birthday shall apply only to persons who have not reached their eighteenth birthday; * * *"

After the above statute came into effect, Andrea reached her eighteenth birthday.

The trial court made findings of fact to the effect that appellant's order to show cause had, as its sole basis for a claim of jurisdiction, the continuing jurisdiction of the court under § 22–7–6, supra; that Andrea is no longer a minor and, therefore, the court has no jurisdiction to enforce the 1967 judgment insofar as child support payments for Andrea are concerned.

Appellee's position is that Andrea had become emancipated and that he was no longer obligated under the law or under the 1967 judgment to support her. Appellee does not deny his obligation to support his minor child Robin Mae.

It is clear that the district court has jurisdiction over the matters pertaining to the child support provisions contained in the 1967 judgment " * * *, so long as they [the children], * * * remain minors; * * *." If § 13–13–1, supra, operated to "emancipate" Andrea, then the obligation of the appellee to provide support money for the emancipated child ceases.

In Mason v. Mason, 84 N.M. 720, 507 P.2d 781 (1973), this court was confronted with a written stipulation between the parties filed in the divorce proceedings and made a part of the final judgment, which provided for child support payments "8. * * * during the respective minority of said children or until they earlier become married or otherwise emancipated, * * *." In Mason, plaintiff failed to make payments on behalf of two of the children, who were then twenty and eighteen years of

age, on the ground that they had reached their majority and were thereupon emancipated within the meaning of § 13–13–1, supra. This court held:

"Robin and O'Brien were emancipated by the provisions of § 13–13–1, supra, from their theretofore existing status of minority. Thereupon plaintiff was relieved by the express language of the stipulation from making further support payments to defendant on behalf of these two children."

Although Mason v. Mason, supra, concerned a judgment which was based upon a stipulation of the parties, it does not alter the effect of the court's rationale on the situation at bar.

In Fitzgerald v. Valdez, 77 N.M. 769, 776, 427 P.2d 655, 659, (1967), this court discussed the meaning of emancipation in terms of altering the family relationship so that a child is no longer subject to parental care and discipline, rather than by operation of law as we are here concerned. However, the court correctly stated the law when it concluded:

"* * *. Emancipation as between parent and child is the severance of the parental relationship so far as legal rights and liabilities are concerned. [Citation omitted.]"

The court fully recognized that emancipation also occurs by operation of law when it stated:

"Such an alteration [emancipation] also occurs by operation of law. In the usual situation, the parental relationship is severed when the child reaches majority because the law fixes that as the point in time for parental rights and liabilities to cease. [Citations omitted.]

* * *."

■ With the above in mind, we hold that the court below correctly determined that it had no authority to enforce the judgment insofar as it provides for child support payments for Andrea Phelps, because she was no longer a minor within the meaning of § 22–7–6, supra, her status

being altered by operation of law. See § 13–13–1, supra.

■ The final question to be determined is whether § 13–13–1, supra, violates art. IV, § 34, New Mexico Constitution, which reads as follows:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

It is appellant's contention that § 22–7–6, supra, which empowers the district court to "* * * modify and change any order in respect to the guardianship, care, custody, maintenance or education of said children, whenever circumstances render such change proper[,] * * *" makes the original divorce action brought in 1967, in which the child support provision quoted above was made a part of the judgment, a "pending case" within the meaning of art. IV, § 34, supra. Appellant alleges that § 13–13–1, supra, which affects the rights of the parties herein, violates this constitutional provision.

Article IV, § 34, supra, was analyzed by this court in Stockard v. Hamilton, 25 N.M. 240, 245, 180 P. 294, 295 (1919), wherein this court noted:

"* * *. The evident intention of the Constitution is to prevent legislative interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. * * *"

The Stockard case was cited with approval in Brown v. Board of Education, 81 N.M. 460, 468 P.2d 431 (1970).

■ Although the court below had continuing jurisdiction to modify its 1967 decree under the provisions of § 22–7–6, supra, the 1967 decree is considered final and entitled to full faith and credit under art. IV, § 1, of the United States Constitution.

We do not interpret the case before us to be within the meaning of a "pending case"

as provided for in art. IV, § 34, supra, and the prior decisions of this court.

In a California case, Rosher v. Superior Court, 9 Cal.2d 556, 560–561, 71 P.2d 918, 920 (1937), which involved the effect of a statute raising the age of majority of females from eighteen to twenty-one, upon a support order made prior to the change in the statute, the Supreme Court of California reasoned as follows:

"* * *. It follows that it cannot be said that any vested right with regard to his duty to support or care for his minor children is acquired by a divorced parent as a result of the divorce decree or custody orders made in connection therewith. Hence no such right is impaired by holding that the entry of a divorce decree or the making of a custody or support order does not operate to limit the petitioner's liability to his minor child to the period of minority fixed by statute at the time of the entry of the decree or order. In the absence of any such decree, his obligation would continue throughout the extended period of minority. The divorce decree and support order neither separately nor in conjunction constitute a permanent and final adjudication of the extent of his obligation to support his minor child.

"It is also argued that the court did not have in mind the extended period of minority at the time either of the orders was made. The quotation from Moore v. Superior Court, supra [203 Cal. 238, 263 P. 1009, 1011], disposes of this contention. Such orders must be considered to have been made in the light of section 138 of the Civil Code, which empowers the court to provide for the minor child during the period of minority, and also in the light of the power of the state to change the period of minority. Neither order can be said to have intended more than the making of a proper provision for the petitioner's minor daughter at the time it was made, and both, in the absence of words of definite limitation in time, must be construed as continuing until majority or until changed circumstances require or render proper the granting of an application for modification. * * *"

Though the above case involved raising the age of majority and the original support order provided for payment to the female child "during her minority, or until her marriage," the instant case involves a lowering of the age of minority and we believe that the rationale of the decision in the Rosher case is applicable to our case. When we apply the reasoning of the California court and consider it together with our definition of a "pending case," we believe that the trial court was correct in arriving at its conclusion in granting judgment on the pleadings.

■ The use of the words by the trial court that: "The Court has no jurisdiction of the matters raised by defendant's motion[,]" is unfortunate. Clearly, the trial court in this case had jurisdiction over the persons and over the subject matter, but the statutory change as to the age of majority fixes the obligation of support on the part of the father and precluded the trial court from imposing a duty of support beyond the statutory limit of majority, as now defined by the statute in question.

The trial court's order discharging the order to show cause and granting judgment on the pleadings is affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.