603 P.2d 708

**Louise B. SPINGOLA,
Plaintiff-Appellant,**

v.

**Lawrence J. SPINGOLA,
Defendant-Appellee.**

No. 12367.

Supreme Court of New Mexico.

Oct. 24, 1979.

On Rehearing Dec. 12, 1979.

Perry S. Key, William H. Carpenter, Albuquerque, for plaintiff-appellant.

Atkinson & Kelsey, David H. Kelsey, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Chief Justice.

This is an appeal from the district court's proceedings pursuant to a remand from a previous appeal in this same case. *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978) (hereafter *Spingola I*). In *Spingola I*, we set forth criteria to be used by the trial court in making a determination of child support obligations of divorced parents. In

this opinion we discuss the following issues: (1) whether the trial court has jurisdiction to retry issues and hear new evidence concerning Mr. Spingola's child support obligations for the same time period considered in the first appeal; and (2) whether the trial court has jurisdiction to enter an order concerning post-minority educational expenses of the children. We hold that the trial court must enter new findings of fact and conclusions of law based only on the evidence at the first trial. We also hold that the district court has no power in these circumstances to enter an order regarding the post-minority educational expenses of the children.

## I. Jurisdiction on Remand

On June 5, 1978, this Court decided *Spingola I*, in which we reversed the trial court and remanded the case "for further action consistent with the holdings herein and for entry of appropriate findings of fact and conclusions of law." In the opinion we instructed the trial court to consider ten criteria in determining what the child support obligations of the parents should be. On remand, rather than entering new findings of fact and conclusions of law based upon the evidence already presented, the trial court conducted an entire new hearing.

█ In *Varney v. Taylor*, 79 N.M. 652, 655, 448 P.2d 164, 167 (1968), this Court stated that "it is the settled law of this jurisdiction that upon remand the district court has only such jurisdiction as the opinion and mandate of this court confer. [Citations omitted.]" The district court, on remand, should act in strict compliance with the appellate court's opinion and mandate. Mr. Spingola argues that the trial court could not properly consider the ten criteria set out in our opinion without hearing new evidence. We do not agree. The evidence already taken was sufficient to allow the court to enter appropriate findings using the ten criteria set forth. There was no order to the district court, or inference in the opinion, that the court should hear new evidence. Even if that was not clear, the matter is not left to the discretion of the

trial court unless the opinion and mandate so direct. Rather, "[i]t is within the power, and it is the duty, of this court to construe its own mandate in case there is any ambiguity in the same. [Citation omitted.]" *State ex rel. Bujac v. District Court*, 28 N.M. 28, 32, 205 P. 716, 718 (1922).

## II. Post-minority Child Support

█ The separation agreement between the parties provided that they would share equally the expense of sending their children to college. This agreement was incorporated into, and became merged with, the divorce decree. As such, it was subject to amendment by the court. *Scanlon v. Scanlon*, 60 N.M. 43, 287 P.2d 238 (1955). The district court amended this provision at the hearing on remand from the first appeal to provide that Mr. Spingola pay the entire higher educational costs of the children. This was to be accomplished by requiring him to pay into a trust fund while the children are still minors, and having the funds disbursed to the children after they reach the age of majority. Mr. Spingola agreed to this modification, but Ms. Spingola (now Ms. Morris) challenges it on the basis that the childrens' present support has been decreased in contemplation of future support.

Ms. Morris contends that the district court does not have the requisite subject matter jurisdiction to make provisions for the children past the age of majority. She relies principally on § 40–4–7, N.M.S.A. 1978, which provides in pertinent part:

> The district court shall have exclusive jurisdiction of all matters pertaining to the guardianship, care, custody, maintenance and education of the children, and with reference to the property decreed or funds created for their maintenance and education, so long as they, or any of them remain minors.

The statute goes on to provide that any funds remaining on hand when the children reach majority may be "disposed of by the court as it may deem just and proper." This Court, in *In re Coe's Estate*, 56 N.M. 578, 247 P.2d 162 (1952), interpreted § 25–

706, N.M.S.A. (1941 Comp.), which was a predecessor to § 40–4–7, N.M.S.A. 1978, and contained very similar language. This Court stated:

Clearly, this statute only confers power on the district court to provide for the children during their minority, and when they reach the age of 21 years all power over them ceases. It will be noted the district court must at this latter time make disposition of any property or funds created for the maintenance and education of such children.

56 N.M. at 580, 247 P.2d at 163.

We believe that § 40–4–7 precludes the district court from retaining control of any provision in decrees providing funds for post-minority education. When the children reach majority, the court must dispose of and relinquish control over any of the remaining funds created for their education.

A few courts have allowed decrees which permit funds accumulated during a child's minority to be used for post-minority educational expenses, even in the face of statutes similar to ours. *Stoner v. Weiss*, 96 Okl. 285, 222 P. 547 (1924); *Underwood v. Underwood*, 162 Wash. 204, 298 P. 318 (1931); *see also Maitzen v. Maitzen*, 24 Ill.App.2d 32, 163 N.E.2d 840 (1959). A majority, however, would not do so. *E. g., Spence v. Spence*, 266 A.2d 29 (D.C. Cir. 1970); *Allison v. Allison*, 188 Kan. 593, 363 P.2d 795 (1961). *See* Washburn, *Post-Majority Support: Oh Dad, Poor Dad*, 44 Temp.L.Q. 319 (1971).

Some courts have also upheld post-minority support decrees where the supporting parent has agreed to the provision in a settlement agreement. *Martin v. Martin*, 511 P.2d 1097 (Okl. 1973); *Robrock v. Robrock*, 167 Ohio St. 479, 150 N.E.2d 421 (1958). We do not believe, however, that the subject matter jurisdiction of the court can be extended by agreement of the parties. *State ex rel. Overton v. New Mexico State Tax Com'n*, 81 N.M. 28, 462 P.2d 613 (1969). Whether an agreement to support can be enforced under a contractual theory is not an issue here, as we are only deter-

mining the jurisdiction of the court to enforce child support provisions in a divorce decree after the children have reached majority.

III. Other Issues

Subsequent to the first appeal, Ms. Morris filed a petition to modify child support became of changed circumstances since June 3, 1977. She now contends that the court failed to distinguish between changed circumstances prior to the first appeal and changed circumstances subsequent to June 3, 1977. We do not reach this question because the lower court, on remand, must enter new findings of fact and conclusions of law as to her first petition for modification based on the evidence taken at the first hearing. The court may then determine whether there were any changed circumstances since June 3, 1977 and enter findings of fact and conclusions of law as to her second petition based on evidence taken at the second hearing.

This matter is reversed and remanded to the district court for further action consistent with the holdings herein and for entry of appropriate findings of fact and conclusions of law.

IT IS SO ORDERED.

EASLEY and FELTER, JJ., concur.

ORDER ON REHEARING

SOSA, Chief Justice.

Appellant sought and was granted a rehearing on the question of her entitlement to costs and attorney's fees for services rendered by her attorneys at the trial on remand and on the two appeals in this case.

We did not award attorney's fees in the first appeal, though we did award costs in favor of Ms. Morris. The decision to award costs on appeal is within the discretion of this Court, § 39–3–30, N.M.S.A. 1978, and is final.

The trial court did not award attorney's fees for the hearing on remand. The

determination of whether or not attorney's fees should be awarded is within the sound discretion of the trial court. *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976). We do not believe that the court abused its discretion. Nor do we believe that an effective presentation of Ms. Morris' case is dependent upon an award of attorney's fees as was the case in *Burnside v. Burnside*, 85 N.M. 517, 514 P.2d 36 (1973).

Section 39–3–30, N.M.S.A. 1978 provides that the prevailing party shall recover costs against the other party unless good cause is shown. The court did not award costs for the hearing on remand. In our review of the record, we have not found good cause for the court's decision not to award costs for the second trial. The costs of that hearing, therefore, should be assessed against Mr. Spingola.

We will treat the fees and costs of the second appeal in the same manner as the first. Each party shall bear their own attorney's fees incurred in the second appeal, costs having already been assessed.

IT IS SO ORDERED.

EASLEY and FELTER, JJ., concur.