661 P.2d 884

**H. Peter PSOMAS, Petitioner-Appellant,**

v.

**Betty L. PSOMAS, Respondent-Appellee.**

No. 14333.

Supreme Court of New Mexico.

Dec. 28, 1982.

Rehearing Denied Feb. 4, 1983.

Michael E. Vigil, Jack Smith, Albuquerque, for petitioner-appellant.

Anne Kass, Albuquerque, for respondent-appellee.

## OPINION

PAYNE, Chief Justice.

Peter Psomas, husband, appeals from an amended partial decree of support and judgment in a divorce proceeding against his wife, Betty. The District Court certified the decree to permit appeal of a nonfinal judgment. The issues on appeal are (1) whether the trial court erred by awarding post-majority child support; (2) whether the trial court erred by deferring a final decree dissolving the marriage; and (3) whether the trial court abused its discretion in the amount of alimony awarded. We reverse and remand as to issues (1) and (2) and affirm as to issue (3).

Peter and Betty were married in 1952 and separated in 1974. Peter filed for divorce in August 1981. The couple has ten children, only one of whom was still a minor at the time of filing. (The child's eighteenth birthday was in March 1982.) Peter is a retired military officer and worked part time for an insurance company. By the time of the hearing on the merits, he had given up this job. Betty was unemployed. She had been injured in a fall at a gasoline station and was receiving regular treatment at Kirtland Air Force Base hospital for pain in her back and neck. She also suffered from degenerative arthritis of the thumbs and had undergone corrective surgery on one thumb. Future surgery was planned for the other thumb.

The trial court granted interim support and ordered the husband to pay for repairs to the house, dental expenses for the wife, and monthly mortgage payments. A series of disputes ensued, several culminating in motions for contempt against the husband for failure to pay the support ordered by the court.

At the hearing on the merits, the court determined that the couple was entitled to a divorce on grounds of incompatibility.

The court deferred entry of the decree of dissolution, however, to permit expenses for the operation on Betty's other thumb to be covered by military insurance benefits. The court found that Betty was unable to work and was in need of alimony to pay her living expenses, and that Peter should pay Betty $600 per month in alimony, continue to pay the monthly mortgage payments, and pay a portion of the taxes and insurance. In addition, the court awarded Betty $300 per month in child support for the remaining four months her child attended high school. The court ordered the house sold and the net proceeds after sale to be divided equally between husband and wife. Personal property and debts were also apportioned between the parties.

## I

The husband argues that the court erred in granting child support beyond the 18th birthday of their minor child. The court knew it was awarding post-majority support. We agree with the husband that the court had no jurisdiction to provide for children who have passed the age of majority. § 40–4–7 N.M.S.A.1978; *Spingola v. Spingola,* 93 N.M. 598, 603 P.2d 708 (1979); *Phelps v. Phelps,* 85 N.M. 62, 509 P.2d 254 (1973); *In Re Coe's Estate,* 56 N.M. 578, 247 P.2d 162 (1952). New Mexico statutes provide that the "district court shall have exclusive jurisdiction of all matters pertaining to the guardianship, care, custody, maintenance and education of the children ... so long as they ... remain minors." § 40–4–7 1978.

Betty Psomas argues that a strict construction of these statutes may result in an 18-year old leaving school to support himself thus compromising his education by spending hours working to support himself, rather than pursuing academic studies. She also contends that the legislature intended 18 to be the "age of majority" and to operate only as a presumption which could be overcome by particular facts that show how a given child might suffer undue hardship. She cites several cases that have

authorized post-majority support for children who are unable to support themselves as a result of mental or physical infirmities. This Court, in a dictum, also recognized the exception for mental or physical infirmities in *Fitzgerald v. Valdez*, 77 N.M. 769, 427 P.2d 655 (1967). Here, however, there is no evidence of such an infirmity.

The wife urges that a strict construction is not required if it would defeat legislative intent or render the statute's application absurd or unreasonable, *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). She appeals to this court to authorize limited post-majority child support through high school graduation. In *Phelps, supra*, this court held that the trial court correctly determined it had no authority to enforce a judgment providing for child support payments for a child who was no longer a minor under New Mexico statutes. "[Emancipation] . . . occurs by operation of law. In the usual situation, the parental relationship is severed when the child reaches majority because the law fixes that as the point in time for parental rights and liabilities to cease. . . ." *Phelps*, 85 N.M. at 65, 509 P.2d at 257 (quoting *Fitzgerald*, 77 N.M. at 776, 427 P.2d at 659). The rights and liabilities fixed by the age of majority pervade the law; we feel the need for certainty and uniformity is too great to allow the type of exception requested here. We therefore hold the trial court erred in awarding post-majority child support.

## II.

In New Mexico, a court may not deny a divorce where a statutory ground is shown to exist. *See Buckner v. Buckner*, 95 N.M. 337, 622 P.2d 242 (1981); *Garner v. Garner*, 85 N.M. 324, 512 P.2d 84 (1973); *State ex rel. DuBois v. Ryan*, 85 N.M. 575, 514 P.2d 851 (1973). Although the court deferred the entry of a final decree instead of denying it, the result is the same so long as no reasonable period of time accompanies the deferral, particularly in light of the health problems claimed by Betty. Since she had already undergone an operation on one hand, the costs for an identical operation on the other hand could have been estimated within a reasonable time and provision made for those expenses in the final decree.

This court faced a similar problem in *DuBois, supra*. The wife suffered from a rare malignancy that required expensive chemotherapy. The court held she was entitled to military medical benefits only as long as she remained married. The court granted the couple a divorce and ordered the husband to pay her future medical expenses. The court then vacated its order after the husband remarried. Thereafter, the husband and his new wife brought a mandamus proceeding to reinstate the decree. This court issued the writ, and held that the lower court had no discretionary power to deny a divorce after expressly provided statutory grounds for divorce had been established.

Here, as in *DuBois*, the court found statutory grounds existed for granting a divorce. It had no discretionary power to defer a final decree for an unspecified period of time and should have issued a decree within a reasonable time. If additional information was needed, the court should have required the parties to provide it within a specified time period so that it could be incorporated into the final decree.

## III.

In New Mexico, a court has discretion to allow either party alimony, § 40–4–7(B)(1) 1978. Its decision will be altered only upon a showing of abuse of that discretion. *Lovato v. Lovato*, 21 N.M.St.B.Bull. 644 (1982); *Chrane v. Chrane*, 21 N.M.St.B. Bull. 1082 (1982); *Ellsworth v. Ellsworth*, 97 N.M. 133, 637 P.2d 564 (1981). In considering the award of alimony, we examine the record only to determine if the trial court abused its discretion by fixing an amount that was contrary to all reason. *Chrane, supra; Gallemore v. Gallemore*, 78 N.M. 434, 432 P.2d 399 (1967).

In several cases, we have cited factors that the court should consider in deciding whether and in what amount to award ali-

mony. *Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974) (needs of the wife, her age, her health and the means to support herself, the earning capacity and future earnings of the husband, the duration of the marriage, and the amount of the property owned by the parties); *Ellsworth v. Ellsworth, supra,* (income-producing capacity of property owned by the parties and whether assets are depreciating or appreciating); *Lovato v. Lovato, supra,* (whether alimony is structured to encourage a former spouse to assume responsibility for his or her own care and support).

In this case, the trial court determined that the wife was unable to work and in need of alimony for at least a year. The amount set by the court appears reasonable in view of Peter's military retirement pay. He was ordered to pay $600 per month in alimony, plus house expenses of $303 per month until sale, from take-home pay and mortgage allotment of approximately $1800 per month. Despite the husband's offer to give the wife his share in the residence in lieu of alimony, we believe the trial court's decision to award alimony and order the sale of the residence was proper. The wife demonstrated need for immediate, regular income for her necessities. Further, since the residence was the couple's only significant community asset, the husband should be allowed to share in its proceeds.

### IV.

After the original appeal, Betty filed a motion to reverse and remand based on Pub.L. No. 97–252 (Sept. 8, 1982), which allegedly overrules *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* held that military retirement benefits were the sole and separate property of the military retiree. New Mexico followed that ruling in *Espinda v. Espinda,* 96 N.M. 712, 634 P.2d 1264 (1981). Because of *McCarty* and *Espinda,* Betty did not argue at trial or on appeal that military retirement benefits are community property. She argues that Pub.L. No. 97–252 should be applied retroactively, thus mak-

ing military retirement benefits community property. We deny her motion for two reasons. First, well-settled New Mexico law presumes a statute to operate prospectively unless a clear intention on the part of the legislature exists to give the statute retroactive effect. *State v. Padilla,* 78 N.M. 702, 437 P.2d 163 (Ct.App.1968). No such legislative intent is expressed in Pub.L. No. 97–252. Second, Betty never cross-appealed the question of whether military retirement benefits constitute community property. Thus, she failed to preserve the issue for appeal to this court.

The trial court's order awarding alimony is affirmed. Its orders of child support and deferral of the divorce decree are vacated, and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice and RIORDAN, J., concur.