666 P.2d 781

**Julie Ann CHRISTIANSEN, Petitioner-Appellee and Cross-Appellant,**

v.

**Ralland CHRISTIANSEN, Respondent-Appellant and Cross-Appellee.**

**No. 14608.**

Supreme Court of New Mexico.

July 20, 1983.

Rothstein, Bailey, Bennett & Daly, Martha A. Daly, Santa Fe, for respondent-appellant and cross-appellee.

Griffith & Cruse, Prentis Reid Griffith, Jr., Los Alamos, for petitioner-appellee and cross-appellant.

## OPINION

PAYNE, Chief Justice.

This appeal arises from a suit for dissolution of marriage. While married, the parties entered into a written agreement which purported to divide, *inter alia,* their community interest in the family residence, transmute the community interest in husband's retirement funds into his own separate property, and require each party to give their child $5,000 upon the sale of the family residence. The trial court ruled, however, that this agreement was inadmissible because it had not been properly acknowledged pursuant to NMSA 1978, Section 40–2–4. The trial court also held that the parties were jointly responsible for providing post-minority education for their child, that husband's retirement funds were community property, and that both parties' attorneys' fees and wife's expert witness fees were to be treated as community debts paid for out of community assets. On appeal, husband argues that the trial court's failure to admit evidence of the marital agreement constitutes reversible error. On cross-appeal, wife challenges the trial court's ruling on the issues of post-minority education and the award of attorneys' fees. We reverse in part and affirm in part.

I.

We first consider whether an unacknowledged marital agreement is binding between the parties to that agreement. Wife argues it is not. Although the agreement was not acknowledged by the parties, there is substantial evidence in the record that wife "proved" the agreement. Section 40–2–4 provides:

> All contracts for marriage settlements and contracts for separation, must be in writing, and *executed and acknowledged or proved in like manner as a grant of land is required to be executed and acknowledged or proved.* [Emphasis added.]

We find it significant that wife, who now seeks to invalidate the marital agreement on grounds of improper acknowledgment, testified at trial that she had executed the agreement, and that her signature was valid. Under similar facts and an identical statute, a California court upheld the validity of a marital agreement which was not acknowledged at the time of execution. *See In Re Marriage of Cleveland,* 76 Cal. App.3d 357, 142 Cal.Rptr. 783 (1977); *see also Tyre v. Lewis,* 276 A.2d 747 (Del.Ch. 1971); *McAlpine v. McAlpine,* 116 Me. 321, 101 A. 1021 (1917); *Rittiner v. Sinclair,* 374 So.2d 680 (La.Ct.App.1978). The California court looked to the fact that husband and

wife testified under oath as to the validity of their signatures on the unacknowledged agreement, and held these statements were sufficient *proof* under the statute, thus making the agreement binding between the parties. In the present case, wife *proved* the marital agreement by testifying under oath at trial as to the validity of her signature.

Wife attempts to distinguish the *Cleveland* ruling by arguing that in the instant case there is no proof of husband's signature. Specifically, she contends that even if this Court should adopt the *Cleveland* decision and hold that subsequent testimony can "prove" the marital agreement, the fact remains that she was the only witness to her signature, in violation of NMSA 1978, Section 14–13–8, which requires two witnesses to each signature as well as a "certificate." Reliance on this statute is misplaced. This statute is inapplicable where the wife orally "proved" the agreement. Although husband did not testify to his signature at trial, that does not render the agreement ineffective. At the time husband testified at trial, the trial court had already ruled the agreement and any testimony regarding it inadmissible. Husband has never challenged the validity of his signature on the agreement. Because we hold the agreement was "proved" by wife's subsequent testimony under oath, we find that the trial court erred in refusing to admit it into evidence.

## II.

We next consider whether the trial court erred in ordering the parties jointly responsible for the post-minority education of their child. *Spingola v. Spingola,* 93 N.M. 598, 603 P.2d 708 (1979). NMSA 1978, Section 40–4–7 does not give the trial court jurisdiction over post-minority education for children. It provides in pertinent part:

> The district court shall have exclusive jurisdiction of all matters pertaining to the guardianship, care, custody, maintenance and education of the children, and with reference to the property decreed or funds created for their maintenance and education, *so long as they, or any of them remain minors.* [Emphasis added.]

Because the parties' child was beyond the age of minority, we hold this statute to be controlling. The trial court's order is overruled insofar as it requires either party to pay for the post-minority support of their child.

## III.

Last, we consider whether the trial court abused its discretion when it included attorneys' fees and wife's expert witness fees as community debts to be paid out of community assets. We find no abuse of discretion on the part of the trial court. Wife specifically attacks the trial court's failure to find that she was unable to pay her court costs which, she argues, should be paid by husband and not by community assets. The record indicates, contrary to her argument, that she had ample funds to pay her own attorneys' fees and expert witness fees. In addition to acquiring one-half of the assets upon division of the property, wife received an additional $7,000 and testified that she had another $2,300 in the bank at the time of trial.

We hold, therefore, that it was proper for the trial court to view these expenses as community debts and to consider the financial resources of both parties when making an award of attorneys' fees and court costs. This does not contradict the legislative intent expressed in Section 40–4–7, that a court may make an order "as will ensure either party an efficient preparation and presentation of his case." *See generally Hertz v. Hertz,* 99 N.M. 320, 657 P.2d 1169 (1983).

We find that the trial court's order on this issue does not constitute an abuse of discretion.

This matter is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.