**Margaret T. NORRIS, Appellant,**

v.

**Clayton NORRIS, Appellee.**

**No. 83–600.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1983.

Decided March 13, 1984.

Charles H. Mayer, Washington, D.C., for appellant.

Pamela B. Forbes, Washington, D.C., with whom Elizabeth Guhring, Washington, D.C., was on brief, for appellee.

Before NEBEKER, PRYOR and TERRY, Associate Judges.

NEBEKER, Associate Judge:

Mrs. Norris challenges the trial court's denial of her motion to hold Mr. Norris in contempt for his failure to make child support payments. In 1979, the trial court ordered an increase, retroactive to July 1978, in a contractually agreed-upon support payment for the parties' minor child, James Norris. When Mr. Norris reduced his monthly payments to the original amount after James' twenty-first birthday, Mrs. Norris moved to hold him in contempt. The trial court held that once James reached majority, it lost jurisdiction to continue enforcement of the supplemental portion of the support payment. We agree and affirm.

The material facts are not in dispute. In 1966, after protracted negotiations, the parties entered into a separation and property settlement agreement. The agreement provided that Mr. Norris, during his life, would make monthly payments of $1500 for the maintenance and support of Mrs. Norris and their three children. The support obligation to his children was to continue until "each of the children completes his or her education, reaches the age of twenty-one years and is not in school, or is deceased . . . ." The divorce decree "ratified and confirmed" the separation agreement but did not merge the agreement into the decree.

In 1978, Mrs. Norris filed a complaint seeking an increase in the support payment for James, by then her only minor child. By order of July 3, 1979, the court increased the support payment at issue from $375, as contractually required, to $656.25 per month. Mr. Norris made the increased payments until November 1982, at which time James became 21. Beginning in December 1982, Mr. Norris reverted to paying $375. Under the separation agreement, because James was still in college, Mr. Norris was obliged to continue the $375 payments. Mrs. Norris then brought the instant contempt action, also seeking arrearages for the unpaid balance. Mrs. Norris argued that the 1979 order, in fact, amended the separation agreement and thereby obligated Mr. Norris to make the $656.25 support payment until James completed his education. We disagree.[1]

In *Spence v. Spence*, 266 A.2d 29 (D.C.1970), we established that courts have no jurisdiction to order support payments after the child reaches majority at 21. The courts' *parens patriae* authority therein terminates and renders unenforceable any *court-created* support obligations. The fact that here the trial court supplemented a continuing and binding *contractual* support obligation does not alter our conclusion. A court has no authority to modify a separation agreement which has not been merged with a divorce decree. *Lanahan v. Nevius*, 317 A.2d 521, 525 (D.C.1974). The 1979 order in this case did not purport to modify the separation agreement, nor did it have that effect. Rather, it imposed on Mr. Norris an *additional* obligation of support for his minor son. That obligation expired when James turned 21. Thereafter, Mr. Norris' only duty was to pay $375 a month until James completed his education, as the separation agreement required. The court's

---

1. Mr. Norris also urges that Mrs. Norris has no standing to enforce the increased support obligation, because James, the beneficiary of the payment, has achieved majority and must bring action in his own behalf. However, due to our disposition of this appeal in Mr. Norris' favor on the merits, we do not address this issue.

authority to supplement the contractual obligation in order to enforce Mr. Norris' legal duty to provide adequate child support is derived from D.C.Code § 16–916(c) (1981). Since that statute speaks only of "minor" children, the court has no power to require the support of any child after that child reaches the age of majority. *Spence v. Spence, supra.* In the context of this case, the court had no jurisdiction, after James' twenty-first birthday, to enforce the additional support obligation imposed by the 1979 order. *See Blumenthal v. Blumenthal,* 155 A.2d 525 (D.C.1959).

We find direct support for our holding in the recent Virginia case of *Cutshaw v. Cutshaw,* 220 Va. 638, 261 S.E.2d 52 (1979). There, the trial court had twice changed the amount of child support originally provided for by a separation agreement. The same court had then ordered the husband, on the wife's motion, to continue making payments in an amount above that contained in the separation agreement, even though the child had reached majority. The Virginia Supreme Court reversed, holding, *inter alia,* that "[o]nce the child reaches majority, the jurisdiction of the divorce court to provide for his support and maintenance terminates unless otherwise provided by agreement incorporated into the divorce decree." *Id.* 261 S.E.2d at 54.

The trial court correctly held that it had no jurisdiction to compel Mr. Norris to make support payments greater than those provided for in the separation agreement.

*Affirmed.*